GEORGE R. KETCHUM *vs*. LINNIE C. MOORES.

Aroostook.   Opinion December 27, 1922.

*The plaintiff prevails in a writ of entry in maintaining title to all the land he claimed,*
*and likewise the defendant prevails in maintaining title to all the land*
*he claimed not included in his disclaimer.*

The defendant had title to all he claimed.
The plaintiff claimed only the part disclaimed which he already had.

On report.   This is a writ of entry in which the plaintiff demands a certain described lot of land.   The defendant filed a disclaimer of all except a certain described part.   The defendant's disclaimer was based upon a grant by the plaintiff to the defendant.   The deed of grant reveals the fact that the plaintiff conveyed to the defendant the identical part of the locus which the defendant claims.   The plaintiff did not claim the part excepted in the disclaimer.   Judgment for defendant.

The case is stated in the opinion.
*William L. Waldron and Archibalds*, for plaintiff.
*Doherty & Tompkins and Charles P. Barnes*, for defendant.

SITTING: CORNISH, C. J., SPEAR, PHILBROOK, DUNN, WILSON, DEASY, JJ.

SPEAR, J.   This is a writ of entry in which the declaration is as follows:
''In a plea of land; wherein said Plaintiff demands against said Defendant the following real estate, with its appurtenances in Garfield Plantation or Township 11, Range 6, in said County of Aroostook to wit:  all that part of Lot numbered Thirty-six (36) in said Garfield which lies south of Machias Stream flowing through said lot, whereof the Plaintiff was seized in fee simple within twenty years last past, but the Defendant since unjustly disseized him thereof, and with-

holds the same. To the damage of the Plaintiff (as he says) of Ten Hundred Dollars, which shall then and there appear, with other due damages."

At the return term the defendant filed a disclaimer of a certain part of the premises described and demanded in the plaintiff's writ, to wit:

"And now, at the return term of the above entitled writ, comes the defendant, and disclaims all title and interest in the premises in said writ demanded, except any of that part of lot number thirty-six (36) in said Garfield that is necessary to use in maintaining a dam nine (9) feet high at any point between the road and the place where the dam now is located on the westerly shore, together with a strip of land one (1) rod wide, measuring from the high water mark caused by a dam nine (9) feet high, at the old dam site on each side of the Big Machias Stream, and extending up said Stream so far as owned by said George R. Ketchum July 12, 1909."

The defendant's disclaimer is based upon a grant by the plaintiff to the defendant. An examination of the deed of that grant, dated and recorded the second day of April, 1917, reveals the fact that the plaintiff on that date conveyed to the defendant the identical part of the locus which the defendant claims; and his exception in the disclaimer is in the exact language of that grant. The plaintiff does not claim the part excepted. He, therefore, already has all he asks in his writ under his deed. He can have judgment for no more: He can claim only the part of the premises disclaimed. *Russell* v. *Brown*, 56 Maine, 94, in which it is said: "In the trial upon a writ of entry, under our statute, on the general issue, the rendition of a general verdict in favor of the demandant entitles him (where no cause is found to disturb the verdict) to judgment for the demanded premises, as described in his writ when no part has been disclaimed; where some portion has been disclaimed, to judgment for the remainder."

This action was undoubtedly brought for the purpose of obtaining an interpretation of the respective rights of the parties with reference to a paragraph in the deed which reads as follows:

"Fourth. All that part of lot numbered thirty-six (36) in said Garfield that is necessary to use in maintaining a dam nine (9) feet high at any point between the road and the place where the dam now is located on the westerly shore.

"Together with a strip of land one rod wide (measuring from the high water mark caused by a dam nine (9) feet high at the old dam site) on each side of the Big Machias Stream, and extending up the said stream as far as was owned by the said George R. Ketchum, July 12, 1909."

But the fact is that that paragraph is excepted in the disclaimer precisely as it is stated in the deed, and, therefore, the defendant claims no more than his deed gives him. In other words, the plaintiff retains in the premises described in his writ everything that he demands except what he has deeded away. And, under the pleadings, he can recover only upon the title he has proved. *Brown* v. *Webber*, 103 Maine, 60.

The parties, however, in their briefs urge the court to enter the domain of construing the meaning of the disclaimer. But such suggestion presents only a moot question.

*Judgment for defendant.*