[L. A. No. 26949. In Bank. Feb. 26, 1963.]

AMERICAN CIVIL LIBERTIES UNION OF SOUTHERN CALIFORNIA et al., Petitioners, v. BOARD OF EDUCATION OF THE SAN DIEGO UNIFIED SCHOOL DISTRICT, Respondent.

A. L. Wirin and Fred Okrand for Petitioners.

Henry A. Dietz and Bertram McLees, Jr., County Counsel, and Joseph Kase, Jr., Deputy County Counsel, for Respondent.

PETERS, J.— On January 24, 1961, in a prior proceeding apparently between the same parties,[1] we directed respondent by means of a peremptory writ of mandate "to act upon any pending or future application by petitioners to be allowed to hold a public meeting or meetings in any of the [respondent's] school buildings . . . without requiring from petitioners a 'Statement of Information' in the form prescribed by section 16565 of the Education Code." (*American Civil Liberties Union* v. *Board of Education,* 55 Cal.2d 906 [10 Cal.Rptr. 659, 359 P.2d 57].) The writ there issued was based on our holding that the mentioned statute was unconstitutional for the reasons set forth in our decision, filed the same day, in the companion case of *American Civil Liberties Union* v. *Board of Education,* 55 Cal.2d 167 [10 Cal.Rptr. 647, 359 P.2d 45].

Subsequent to the receipt of our mandate, respondent adopted, on December 19, 1961, what it termed "a revised procedure relating to application for use of school facilities." Thereupon petitioners filed with respondent an application for the use of the Hoover High School Auditorium to hold a series of meetings on the subject: "The Constitution and Civil Liberties." Respondent refused to act favorably upon such application solely because petitioners refused to submit the executed questionnaire required as a part of the "revised procedure." Thereupon petitioners brought this proceeding, again seeking mandate to compel respondent to grant their application.

There is no doubt that respondent was directed and empowered by various provisions of the Education Code referred to in the Los Angeles case this day filed[2] to adopt local rules under which school property was to be made available to the public, and under which the proper interests of the school

[1] It should be noted that although we refer to the parties as being the "same" as those previously before us there seems to be a technical difference in the names of the two respondents. In the former case the respondent was denominated as "Board of Education of the City of San Diego" while in the present case respondent is designated as the "Board of Education of the San Diego Unified School District." No explanation of this technical difference is to be found in the record.

[2] See *American Civil Liberties Union* v. *Board of Education, ante,* p. 203 [28 Cal.Rptr. 700, 379 P.2d 4], this day filed, where such statutes are enumerated and discussed. In that case we approved a local regulation of the Board of Education of the City of Los Angeles. It was there held that such regulation complied with our prior decisions and with the constitutional provisions involved.

board and the public in such property could be protected within constitutional limits. As long as section 16565 was apparently applicable it was not necessary for local boards to adopt such local regulations. But after this court had held such section unconstitutional, local boards had to act or leave a vacuum in this important field of regulation. It was in an attempt to fill that vacuum that respondent adopted the "revised procedure" here involved. Of course, in adopting this "revised procedure," respondent was limited by the appropriate provisions of the state and federal Constitutions, and by the interpretations of such provisions by this court in our prior opinions. But respondent did not see fit to abide by these restrictions. It made no attempt at all to avoid the constitutional defects held to exist in the state legislation, or to recognize the limitations placed on such regulations by the prior opinions of this court. Respondent simply reenacted, as its own regulation, the precise provisions of section 16565 of the Education Code. Almost identical language was employed, the only differences being language necessary to change the declaratory form used in section 16565 to the interrogatory form used in the "revised procedure." No attempt at all was made to avoid the holding in our prior opinions that these identical requirements were repugnant to the free speech guarantees found in our federal Constitution. Thus the identical questions are presented here that were involved and disposed of in our prior cases, one of which involved, apparently, this same respondent (*American Civil Liberties Union* v. *Board of Education, supra,* 55 Cal.2d 906, relying on *American Civil Liberties Union* v. *Board of Education, supra,* 55 Cal.2d 167). It is not necessary to repeat what was said in those prior opinions inasmuch as no sound reason has been advanced to induce us to reconsider our conclusions there set forth. For the reasons stated in those cases the regulations here involved must be held to be unconstitutional, and a peremptory writ of mandate should issue.

The only real question is as to the precise scope of that mandate. As a result of respondent's apparent reluctance to abide by our prior decisions, there still exists, in San Diego, a vacuum in this important field of regulation. The interests of the public in school property are not being protected. In view of respondent's action, we could order, by mandate, that respondent grant the request of petitioner without further delay. But this we are not inclined to do. The interests that

the public has in school property to have proper regulations adopted by local boards relating to such use is too great to be disregarded. Respondent may now see fit to adopt proper regulations within constitutional limitations. It should be given another opportunity to do so. For that reason only a limited mandate will issue.

Let a peremptory writ of mandate issue directing respondent to act upon petitioners' applications for use of the Hoover High School auditorium without requiring petitioners to answer the questionnaire presently prescribed by respondent's rules embodied in its "revised procedure."

Gibson, C. J., Traynor, J., Schauer, J., Tobriner, J., and Peek, J., concurred.

McComb, J., dissented.

Respondent's petition for a rehearing was denied March 27, 1963. McComb, J., was of the opinion that the petition should be granted.