CUMBERLAND FARMS NORTHERN, INC.
*vs.*
MAINE MILK COMMISSION

Cumberland County.    Opinion, December 3, 1964.

*Berman, Berman, Wernick & Flaherty,*
    by: *Sidney W. Wernick, Esq.,* for Plaintiff.

*John W. Benoit, Esq., Asst. Atty. General,* for Defendant.

SITTING: WILLIAMSON, C. J., WEBBER, TAPLEY, SIDDALL, MARDEN, JJ. SULLIVAN, J., did not sit.

PER CURIAM

This case is before us on appeal by the Maine Milk Commission from a judgment of permanent injunction issued in the Superior Court against the enforcement and execution of a certain official order of September 26, 1963. The order in question purported to fix minimum prices for certain types of sales of milk at retail, but not for all six categories of sales enumerated in R. S., c. 33, § 4.

The sitting justice, in his Decree and Judgment, said:

> "Therefore the public hearing of the defendant Commission conducted on September 26, A.D. 1963 pursuant to the call of September 13, A.D. 1963 and the consequential administrative determination by the Commission were disobedient to the statutory directive that:

> '*No price* shall be established *for any one or more* of said sales *unless at the same time* a price shall be established *for all of said sales in any market.*' (R. S. c. 33, § 4.)

> "The statute creating the defendant Commission not only failed to authorize the public hearing and resultant order of the Commission but expressly forbade them. The hearing and order were of no legal validity."

We are satisfied from statements by counsel for both parties at oral argument before us that the case is moot. It appears (1) that the price-fixing order of September 26, 1963, has been superseded by a later official order of the defendant Commission covering the types of sales in question; (2) that the injunction has no vitality, that is to say, there is presently no existing order against which it is or could be operative; (3) that there are no issues involving breach or damages turning on the validity or invalidity of the injunction.

The defendant urges that we decide the case on the merits to the end that the Commission may be guided in future administrative action. In our view it will be time enough to consider the problem of statutory construction faced by the Commission when a live case reaches us. What the Commission seeks in substance is an advisory opinion, and this we are not prepared to give.

Accordingly, without in any way considering the merits of the controversy as it existed in the Superior Court and solely on the ground that the case is now moot, we dismiss the appeal.

The entry will be

*Appeal dismissed without costs.*