Fuld, J.
Involved in this litigation — -which questions the right of the defendant school board to bar the folk singer, Pete Seeger, from giving a concert in one of its school buildings — are important issues of jurisdiction and constitutional law.
The plaintiff, a nonprofit educational and cultural association, has for its purpose the presentation of an annual series of musical concerts, and during the past 10 years it has been permitted by the defendant school board to' present these concerts in the auditorium of a high school in East Meadow on Long Island. In June of 1965,.following prior procedure, the defendant gave the plaintiff such permission for the 1965-1966 series, including a concert scheduled for March 12, 1966, which was to feature Pete Seeger as the performing artist. The concert was publicized and tickets for the series of three were sold. However, in December of 1965, the defendant withdrew the previously granted permission for the March 12 concert on the ground that, because he had given a concert in Moscow and because some of the songs he sings are critical of American policy in Viet Nam, Seeger is a “highly controversial figure” whose presence might provoke a disturbance with consequent damage to school property. Some time later that same month, the plaintiff instituted the present action in which it sought a judgment, in effect, (1) declaring the defendant’s action to be unconstitutional and (2) enjoining the defendant from interfering with the presentation of the scheduled concert in the school auditorium.
The court at Special Term found no violation of constitutional rights in the board’s action and dismissed the complaint in *133 February, 1966. An appeal was immediately taken to the Appellate Division bnt, although the plaintiff’s application for a preference was granted, the case could not be argued until after the date for which the concert had been scheduled. In its decision, handed down in May, the Appellate Division voiced the opinion that the defendant’s revocation of the permit was ‘ ‘ an unlawful restriction of the constitutional right of free speech and assembly.” The appeal, however, was- dismissed because, it was said, ‘ ‘ the controversy is moot ’ ’ in view of the fact that ‘ ‘ the time for the scheduled performance has passed * * * [and the plaintiff] expressly states that it has no cause for money damages.” The plaintiff has appealed to this court as of right on constitutional grounds, and on the oral argument the defendant renewed a motion — earlier made and denied (17 N Y 2d 861) — to dismiss the appeal on the ground that no constitutional issue is “ directly involved ” (N. Y. Const., art. VI, § 3, subd. [b], par. [2]; CPLR 5601, subd. [b], par. 1).
Although at this stage of the proceedings we are required to determine solely the jurisdiction of our court and that of the Appellate Division, we find that a significant relationship exists between the jurisdictional issues presented on this appeal and the constitutional principles invoked by the plaintiff at the trial. It becomes essential, therefore, to consider those principles even though we do not actually reach or pass upon the merits of the dispute between the parties.
That the constitutional issues posed by this case are substantial and, indeed, of high public importance, there can be no doubt. The State is not under a duty to make school buildings available for public gatherings but, if it elects to do so, it is required, by constitutional provision (U. S. Const., 14th Arndt.; N. Y. Const., art. I, § 11), to grant the use of such facilities “ in a reasonable and nondiscriminatory manner, equally applicable to all and administered with equality to all.” (Brown v. Louisiana, 383 U. S. 131, 143; see, also, Evans v. Newton, 382 U. S. 296; Matter of Ellis v. Allen, 4 A D 2d 343, 344, app. dsmd. 4 N Y 2d 693, mot. for lv. to app. den. 4 N Y 2d 674; American Civil Liberties Union v. Board of Educ., 59 Cal. 2d 224; Danskin v. San Diego Unified School Dist., 28 Cal. 2d 536.) The defendant has concededly allowed a number of organizations, including the very plaintiff before us, to use the school auditorium for *134 nonacademic purposes for many years. It follows, therefore, that, in deciding who is to he permitted to nse its school, the board mnst not unconstitutionally discriminate against the plaintiff.
Of course, this does not mean that the defendant hoard is prevented from barring the use of the school auditorium for an unlawful purpose (see, e.g., American Civil Liberties Union v. Board of Educ., 59 Cal. 2d 203, cert. den. 375 U. S. 823) but in the case before us the justification asserted for canceling the permit is the unpopularity of Seeger’s views rather than the unlawfulness of the plaintiff’s concert. The expression of controversial and unpopular views, it is hardly necessary to observe, is precisely what is protected by both the Federal and State Constitutions. (U. S. Const., 1st Amdt.; N. Y. Const., art. I, § 8; see, e.g., Kunz v. New York, 340 U. S. 290; Hague v. C. I. O., 307 U. S. 496; Matter of Rockwell v. Morris, 10 N Y 2d 721, affg. 12 A D 2d 272.) As the Appellate Division noted in the Rockwell case, where the threat of public disorder and violence was far greater than that alleged in the present case, "there is no power in government under our Constitution to exercise prior restraint of the expression of views, unless it is demonstrable on a record that such expression will immediately and irreparably create injury to the public weal — not that such expression, without itself being unlawful, will incite criminal acts in others ” (12 A D 2d, at pp. 277-278). Consequently, if there were no danger of immediate and irreparable injury to the public weal, the defendant’s refusal to permit Seeger to appear at the March 12 concert would be an unlawful restriction of the constitutional right of free speech and expression.
It is urged, however, that, since the merits of the plaintiff’s constitutional claim have not been passed upon by the Appellate Division, no constitutional question is here directly involved for the purposes of an appeal as of right to this court. We disagree. The question of mootness, as here presented, is itself a question of constitutional law. (Cf. Liner v. Jafco, Inc., 375 U. S. 301, 304 et seq.; Davis v. Wechsler, 263 U. S. 22, 24.) We, therefore, have jurisdiction to consider the propriety of the Appellate Division’s failure to reach the merits of the dispute on the ground of mootness.
*135 Tlie moro fact that the scheduled date for the plaintiff’s concert may have passed affords no basis for declining to review the important constitutional issues presented. It is settled doctrine that an appeal will, nevertheless, be entertained where, as here, the controversy is of a character which is likely to recur not only with respect to the parties before the court but with respect to others as well. (See Matter of Rockell v. Morris, 10 N Y 2d 721, affg. 12 A D 2d 272, supra; Matter of Plumbing Assn. v. Thruway Auth., 5 N Y 2d 420, 422, n. 1; Matter of United Press Assns. v. Valente, 308 N. Y. 71, 76; Matter of Rosenbluth v. Finkelstein, 300 N. Y. 402, 404; see, also, Southern Pac. Term. Co. v. Interstate Commerce Comm., 219 U. S. 498, 514-516.) Moreover, as we have already noted, although the plaintiff was primarily interested in obtaining injunctive relief, it also sought a declaration that the defendant’s action was unconstitutional. The plaintiff has been engaged in the presentation of concerts for a very longtime and there is every indication that it will continue to present them in the future. Under these circumstances, even though Seeger may not be actually scheduled at this time to appear in another of the plaintiff’s concerts, the differences between the plaintiff and the defendant give rise to a “justiciable controversy”, for which a declaratory judgment would be an appropriate remedy (see CPLR 3001). In this view, of course, the appeal would not be moot at all.
It is our conclusion, therefore, that the case is properly before us and that the Appellate Division should not have dismissed the appeal on the ground of mootness.
The order of the Appellate Division should be reversed, with costs, and the case remanded to that court for further proceedings in accordance with this opinion.
Chief Judge Desmond and Judges Van VooRhis, Btjeke, BeRgan and Keating concur with Judge Field; Judge Scileppi dissents and votes to affirm upon the opinion at the Appellate Division.
Order reversed, etc.