## GOOD WILL HOME ASSOCIATION

v.

## James S. ERWIN, as Attorney General of the State of Maine.

Supreme Judicial Court of Maine.

Dec. 31, 1971.

Pierce, Atwood, Scribner, Allen & McKusick, by Vincent L. McKusick, Peter L. Murray, Portland, for plaintiff.

Garth K. Chandler, Craig R. Nelson, Asst. Attys. Gen., Augusta, for defendant.

Before DUFRESNE, C. J., and WEBBER, WEATHERBEE, POMEROY, WERNICK and ARCHIBALD, JJ.

WERNICK, Justice.

Two appeals by the Attorney General of the State of Maine from separate orders of the Superior Court involving interrelated issues have, by stipulation of the parties, been consolidated into a single appeal for decision by this Court.

The plaintiff, Good Will Home Association, a corporation without capital stock organized pursuant to R.S.1883, c. 55, §§ 1–4 (the precursor of 13 M.R.S.A. § 901 et seq.) had originally instituted a proceeding against the State's Attorney General in his role as guardian of public charities under 5 M.R.S.A. § 194. Plaintiff Association had sought: (1) a declaratory judgment that its activities as then constituted were in compliance with the terms of plaintiff's Articles of Association and should noncompliance be declared, (2) instructions by the Court delineating the scope of activities permissible under the powers and purposes of the plaintiff's Articles of Association.[1]

---

1. The history of the development of the purposes and powers of the Association is as follows. Initially, the purposes and powers were:

"To provide a home for the reception and support of needy boys, and to attend to the physical, industrial, intellectual, moral and spiritual development of those who shall be placed in its care; its spirit to be evangelical without being sectarian.

"To acquire by purchase, gift, bequest, or in an other lawful manner real and personal estate; to construct, maintain and hold in line of perpetual succession, any

This action was reported to this Court, under Rule 72 M.R.C.P., for final decision on the prayers for relief as contained in the complaint of the plaintiff Association.

On June 17, 1970 this Court decided in Good Will Home Association v. Erwin, Me., 266 A.2d 218 (1970) that the plaintiff Association was conducting "The Hinckley School" (the name under which it was operating) essentially as a "College Preparatory School." Hence, this Court held:

". . . we declare the operation of The Hinckley School by the Good Will Home Association, as it is presently conducted, to be *ultra vires* and without the power of the Association." (p. 222)

As to the second prayer of the plaintiff in which the Court was asked:

"to instruct the Plaintiff Association as to the scope of its purposes and powers under its Articles of Association",

the Court found the record before it to be

"inadequate to provide . . . the necessary information with which to describe the exact activities . . . permissible under the terms of the Articles of Association." (p. 221)

For this reason, the Court remanded:

"the cause to the Superior Court with instructions to order proposals for future operations to be made to it by the Trustees of the Association; to consider such

proposals and to issue such orders as the Court deems necessary to reconstitute the activities of the Association to conform to the limitations on its corporate activities as described in this opinion." (p. 221)

Upon remand, the Superior Court conducted hearings and, on December 15, 1970, filed a decision entitled "DECISION AND OPINION OF SUPERIOR COURT ON REMAND" by which the Superior Court approved a "Plan for Future Operation of Good Will Home Association" (officially proposed by the Executive Committee of the Association).

The first aspect of the present consolidated appeal is the claim by the Attorney General that this new plan fails to conform to the "spirit and intent" of the remand mandate of this Court and, therefore, the Superior Court committed error in approving it.

A second basic contention on appeal concerns alleged invalidity of an order (and its consequences) entered by the Superior Court on December 31, 1970 (sixteen days after the decision approving the new plan) by which the Attorney General was commanded to perform his duty, under 13 M.R.S.A. § 201,[2] of certifying an amendment voted by the Board of Directors of plaintiff Association to enlarge its corporate purposes.

building or other structure or property, and to acquire and hold in the same manner any and all property, real, personal and mixed, which may be, or hereafter become, necessary or convenient for the above described purposes."

In 1897 by Private and Special Laws of 1897, c. 455 it was provided: "the objects and purposes of said corporation may be enlarged to include the furnishing of aid to needy girls." On July 27, 1897 the Association, acting under this statutory authorization, effected an enlargement of purposes to include needy girls.

2. It is provided in 13 M.R.S.A. § 934: "Any corporation organized without capital stock may change its purposes at a

legal meeting of its directors, trustees or managing board, however designated, in the manner, with the effect and subject to the provisions contained in section 201. . . ."

Among many provisions, 13 M.R.S.A. § 201 states: ". . . Every certificate of change of purposes shall be submitted to the Attorney General for examination and shall not be filed [with the Secretary of State] until it has been certified by him to be properly drawn and signed and to be comformable to the Constitution and laws and that he is satisfied that such change of purposes is made in good faith and not for the purpose of avoiding payment of fees or taxes to the State."

This latter order of the Superior Court had resulted from the following circumstances. Shortly after the entry of the "DECISION AND OPINION OF SUPERIOR COURT ON REMAND", and as contemplated by express terms of the "Plan for Future Operations" approved therein, the Board of Directors of the plaintiff Association by unanimous vote of those Directors present at a meeting, and acting pursuant to the provisions of 13 M.R.S.A. § 934, authorized an enlargement of the purposes of the Association as follows:

"To provide a home for the reception and support of needy boys and girls, *to maintain and operate a school for them and for other boys and girls*, and to attend to the physical, industrial, intellectual, moral and spiritual development of those who shall be placed in its care; its spirit to be evangelical without being sectarian." (new matter is italicized)

When a certificate of this action was submitted to the Attorney General for his examination and certification pursuant to 13 M.R.S.A. § 934 insofar as that section incorporates 13 M.R.S.A. § 201, the Attorney General refused to act. His reason was:

"In my judgment the timing of the amendment is poor. I will take no action until we have finally disposed of the litigation."

Confronted with this refusal by the Attorney General, the plaintiff Association moved in the Superior Court that the Superior Court order performance by the Attorney General of his statutory duty of certification. The motion was accompanied by supporting affidavits, as authorized by Rule 43(e) M.R.C.P. (when the motion is based on facts not appearing of record). The Attorney General failed to produce counter-affidavits, and no factual matters (in addition to those stated in the affidavits of the plaintiff Association) were otherwise brought to the attention of the Superior Court. The Attorney General, however, did move in opposition to the motion of the plaintiff Association and presented contentions of law to support his refusal to certify the amendment of purposes.

As of December 31, 1970, the Superior Court granted the motion of plaintiff Association. It ordered that:

". . . Defendant . . . as Attorney General of the State of Maine, shall forthwith approve said Certificate under 13 M.R.S.A. § 201 as 'properly drawn and signed' and 'conformable to the Constitution and laws' and 'made in good faith and not for the purpose of avoiding payment of fees or taxes to the State' and shall forthwith deliver said Certificate as approved to Plaintiff, Good Will Home Assocation, or its lawful attorney, for filing in the office of the Secretary of State as is required by 13 M.R.S.A. § 201."

On January 4, 1971 the defendant Attorney General filed notice of appeal from this order of the Superior Court. This appeal has been perfected and, as previously stated, is now consolidated by stipulation of the parties with the appeal taken from the order of the Superior Court approving the merits of a new plan of operations.

The Attorney General has never sought any stay of effectiveness of the order mandating his certification of the certificate of amendment of purposes. Rather, he complied with the order and forthwith provided his certification to the amendment of purposes. As a result, the certificate of amendment of the purposes, containing the certification of the Attorney General, was seasonably filed by the plaintiff Association with the Secretary of State in accordance with 13 M.R.S.A. §§ 934 and 201.

We evaluate, first, the legal issues precipitated by the purported enlargement of the purposes of the plaintiff Association and the certification of the certificate of amendment by the Attorney General in compliance with the order of the Superior Court.

The amendment of purposes to include as an additional purpose ". . . to maintain and operate a school for . . . [needy boys and girls] and for other boys and girls . . ." lay within the generalized lawful authority of the directors of plaintiff Association 13 M.R.S.A. §§ 934 and 201. Further, the Attorney General has never complained of any deviations from the statutory prescriptions as to the manner of the exercise of the power under the provisions of 13 M.R.S.A. §§ 934 and 201.

■ The contention of the Attorney General is that particular circumstances, extrinsic to the comprehensive statutory authority, are operative to impose special restrictions upon the otherwise generalized authority existing under 13 M.R.S.A. §§ 934 and 201. These circumstances are said to be the mandate of this Court in the remand to the Superior Court and which, it is claimed, had denied to the plaintiff Association, at least while the *ultra vires* issues were pending for final decision, power and authority to take action otherwise legally permissible to enlarge the purposes.

The claim of the Attorney General is erroneous and must be rejected.

The decision of this Court in Good Will Home Association v. Erwin, supra, was only, and no more than, that "the operation of Good Will Home Association as *presently* conducted is *ultra vires*." (p. 221) (emphasis supplied) The Court directed attention only to the *then existing* corporate purposes and adjudicated only that, measured by *such* purposes, the manner in which the Association was conducting its activities was *ultra vires*.

This Court neither adjudicated nor suggested that the purposes *then existing must remain* as the *sole* controlling purposes while the Superior Court, on remand, was considering a reconstitution of the Association's activities and while any appeal to this Court from a decision of the Superior Court might be pending. The language of this Court in the remand instruction that the Superior Court

"reconstitute the activities of the Association to conform to the limitations on its corporate activities as described in this opinion" (p. 221),

when considered in the total context in which it was offered, fairly imports no such "freeze," or "straight-jacketing," of the authority of the directors while litigation might be continuing. The language was an aspect of the Court's response to a request for instructions by plaintiff. The request was *predicated upon the purposes as they then existed.* The Court was responding in terms of that premise. By thus meeting the request for instructions on its own premised terms, the Court did not, however, foreclose the directors of the Association from subsequently exercising any management prerogatives lawfully open to them merely because such new action might render the remand considerations of the Superior Court, or an appeal from the Superior Court to this Court, moot.

Since this Court's decision in Good Will Home Association v. Erwin, supra, thus imposed no special limitations upon any otherwise lawful power and authority of the directors of the Association to change the purposes of the Association, the change of purposes voted by the directors was lawful unless some other ground of illegality, in terms of general applicable law, is assigned. Independently of his claim that the remand by this Court itself restricted the directors in their right to change the purposes, no such violation has been asserted by the Attorney General. None has otherwise come to our attention.

We hold, therefore, that the directors of plaintiff Association acted under lawful authority when they voted the enlargement of the purposes of the Association; and that, therefore, it was the legal duty of the Attorney General, under 13 M.R.S.A. §§ 934 and 201, to certify to the plaintiff As-

sociation's certificate of amendment of purposes.

■ Thus, when the Attorney General *in fact* certified the certificate of amendment of purposes he acted in discharge of his legal duty. Since this act was pursuant to law and in the special circumstances here involved required by law, it becomes immaterial,—and, therefore, unnecessary for us to decide,—whether the Court order which induced the action by the Attorney General was beyond the jurisdiction of the Superior Court or was otherwise erroneous. The critical point is that the certificate of the Attorney General to the certificate of amendment of purposes was in fact filed, as the law required it to be filed and, hence, became operative with valid legal effect regardless of its cause.

In view of this decision, the other aspect of the appeal—relating to the *ultra vires* nature of the plan approved by the Superior Court as measured by the *prior* purposes of the Association—has lost controversial vitality for purposes of decision by a Court. Upon the certification by the Attorney General and the filing of the certificate of amendment with the Secretary of State in due season, the enlarged purposes of the Association *thereupon* (13 M.R.S.A. § 201) [3] became lawful. It was then within the corporate purposes of the Association to "maintain and operate a school for [needy boys and girls] and other boys and girls . . .."

Once the maintenance and operation of a school which could include boys and girls other than those who are needy had thus become clearly permissible under the lawfully effective enlarged purposes and powers of plaintiff Association, questions as to the *ultra vires* nature of the plan approved by the Superior Court raised solely in terms of the maintenance and operation of a *home* for *needy* boys and girls (as measured by the prior powers and purposes of the Association) became academic, at least in terms of the need of a court decision to settle a live controversy.

■ We, therefore, withhold decision upon those issues as raised in the present appeal which concern the propriety, evaluated under the prior powers and purposes of the plaintiff Association, of the Superior Court's approval of the plan for future operations of The Hinckley School. This disposition is pursuant to the firmly entrenched doctrine that a court should decline to decide issues which,—even though they might have constituted a live controversy when they were originally raised for judicial decision—by virtue of legally valid and recognizable supervening circumstances have lost their controversial vitality and are, therefore, legally moot. Ketchum v. Moores, 122 Me. 166, 119 A. 202 (1922); Fellows ex rel. Cummings v. Eastman, 126 Me. 147, 136 A. 810 (1927); Cumberland Farms Northern, Inc., v. Maine Milk Commission, 160 Me. 389, 205 A.2d 158 (1964); Hazzard v. Westview Golf Club, Inc., Me., 217 A.2d 217 (1966).[4]

---

3. The statute says in relevant part:
   " . . . The corporation shall file, within 20 days thereafter, a certificate setting forth such changes with the Secretary of State, who shall duly record the same and thereupon said changes shall take effect."

4. Since many persons interested in The Hinckley School have been seriously concerned with the propriety of the plan approved by the Superior Court as measured by the powers and purposes of plaintiff Association prior to their having been enlarged, we note, without deciding, that the plan would appear supportable within such corporate authority. Insofar as the continuing management of the Association would be committed to primary concentration upon maintaining and operating a year-round *home* program for *needy* boys and girls and this program would totally consume the endowment income of the Association, the additional factors of an overlay of school students who pay tuition (thereby to balance the budget and enable the full plant to be utilized as well as to provide the benefit of a normal, rather than segregated, environment for those children participating in the year-round home program), are legally consistent

The avoidance of decision is especially appropriate when, as here, the questions which have become moot occur in a context which discloses little reasonable likelihood that the same issues will imminently and repeatedly recur in future similar contexts with serious impact upon important generalized public interests.[5]

We add a final comment as an aid to clarity in the understanding of this opinion. We neither decide nor present suggestions as to the appropriate use of restricted trust funds. Should the Attorney General—(as the public official charged

with the purposes that a home for needy boys and girls be maintained and operated.

5. For expositions of the criteria which might induce a court to decide questions which have become legally moot, see: East Meadow Community Concerts Asso-

with the obligation by 5 M.R.S.A. § 194 to "enforce due application of funds given or appropriated to public charities within the State and prevent breaches of trust in the administration thereof")—see fit in good conscience to institute appropriate action at any time to remedy threatened, or actual, diversion of restricted trust funds, nothing herein forecloses such action and nothing herein decided or stated purports to affect the outcome of such proceeding.

The entry is:

Appeal denied.

ciation v. Board of Education, 18 N.Y.2d 129, 272 N.Y.S.2d 341, 219 N.E.2d 172 (1966); People ex rel. Wallace et al. v. Labrenz, 411 Ill. 618, 104 N.E.2d 769 (1952), cert. denied 344 U.S. 824, 73 S.Ct. 24, 97 L.Ed. 642; Milford v. People's Community Hospital Authority, 380 Mich. 49, 155 N.W.2d 835 (1968).