■ In the Matter of LARRY GROSS, Appellant, v ROBERT J. HENDERSON, as Superintendent of the Auburn Correctional Facility, et al., Respondents. — Judgment unanimously affirmed, without costs. Memorandum: When petitioner was an inmate at Auburn Correctional Facility, he was the subject of a superintendent's proceeding at which he was found guilty of being away from his assigned area in the institution and of attempted assault with a deadly weapon upon a fellow inmate. He was ordered confined to the special housing unit for 180 days and a penalty of 180 days "lost time" was also imposed. In this article 78 proceeding he contends that the superintendent's proceeding was conducted in a manner which violated applicable regulations and denied him due process of law. The trial court dismissed the petition, and petitioner appeals. Although petitioner has been released on parole, the appeal should

not be dismissed as moot, presenting as it does recurring issues of public interest which otherwise would escape appellate review (Matter of Amato v Ward, 41 NY2d 469, 471; see Richmond Newspapers v Virginia, 448 US 555; East Meadow Community Concerts Assn. v Board of Educ., 18 NY2d 129, 135; Phelan v City of Buffalo, 54 AD2d 262, 265-266). Of the several claims of error made by petitioner, none requires a reversal. Requiring comment, however, are his arguments relating to denial of access to confidential material submitted to the hearing officer at the superintendent's proceeding, and the adequacy of the written statement of the hearing officer in setting forth the evidence relied upon and the reasons for the imposition of disciplinary action. On August 3, 1979 petitioner was served with a written notice charging him with violations of two specific rules and stating: "From the report of Sgt. T. Reilly on 7/26/79 at approx. 10:30 A.M. On 7/26/79 at approximately 10:30 A.M. inmate Gross [petitioner] was out of place on D-5-Company, and did attempt to assault inmate John Paul 75-B-1550 D-5-34 with a deadly weapon." After a preliminary appearance on August 4, 1979 at which petitioner, in effect, denied the charges, the superintendent's proceeding was adjourned to August 7, at which time the hearing officer informed petitioner as follows: "I reviewed affidavits of people and it appears that on the 26th you did have a confrontation in concert with another inmate by the name of R. Gaddy which resulted in the near fatal wounding of inmate by the name of C. Hall and also at this same time you were placed at the scene threatening to assault an inmate by the name of John Paul who was locked in his cell on D-5 Company. At this point and time do you still deny that you attempted to assault Paul?" Petitioner responded that he had nothing to say, either about the attempted assault charge or about "being out of place on D-Block". The hearing officer then announced that "after reviewing the case and what is available to me I am affirming the charges." The written disposition report, which was later affirmed by the departmental review board on behalf of the commissioner, recounted the evidence relied on as follows: "After reviewing all evidence available, affidavits and interviews, I find substantial evidence to affirm [the charges]". Under the heading "Reason for disposition" the disposition report states: "Serious behavior as he participated with Gaddy in acts that nearly caused the death of another inmate." The affidavits to which the hearing officer referred were included in a confidential file which had been compiled by prison authorities following the stabbing of inmate Hall and the attempted stabbing of inmate Paul on July 26, 1979. Petitioner was not afforded access to that file at the hearing, nor was it made available to his counsel when his petition was heard by the trial court. Its content was reviewed by the trial court, as it has now been here, and we find that the sworn statements contained therein convincingly support the determination of petitioner's guilt of the charges. Prison officials are solely responsible for the preservation of order and security in the facilities they administer (Correction Law, §§ 112, 137). At the same time, an inmate charged with misconduct and facing serious sanctions upon a disciplinary hearing, must be afforded procedural protections consistent with due process (Wolff v McDonnell, 418 US 539, 563-566). Indeed, an inmate brought before a superintendent's proceeding in this State is provided with vastly greater protection than that required by the Federal Constitution or by the Supreme Court (Matter of Amato v Ward, 41 NY2d 469, 472-473; 7 NYCRR Part 253). Both due process and the regulations require that the inmate be provided with a written "statement of the evidence relied upon and reasons for the disciplinary action" (Wolff v McDonnell, supra, p 564; 7 NYCRR 253.4 [i]). In recognition of the obvious danger to institutional security, however, the inmate need not have a pre or posthearing access to a witness' statement which, if revealed, would jeopardize the safety of that witness (Wolff v McDonnell, supra, p 566). It has consistently been respon-

dent's position that disclosure here "would endanger the life or safety of a witness whose signed statement is a part of the Proceedings." On review of the confidential file, we find that the judgment not to disclose is rationally supported. As to the sufficiency of the fact-finder's disposition report, it should be noted that there were no prison employees who directly witnessed the assault upon Hall and the contemporaneous attempted assault upon Paul. The statement in the written disposition of the superintendent's proceeding that the evidence relied upon consisted of "affidavits and interviews", the essence of which had been made known to petitioner on the record by the hearing officer, was adequate, in our view, to comply with the regulations and with due process. The purpose of the written disposition setting forth the evidence relied upon and the reasons for the action taken is to provide a written basis for administrative or judicial review of the actions of prison authorities *(Matter of Amato v Ward,* 41 NY2d 469, 472). The confidential statements and interview having been submitted to the court for *in camera* inspection, that purpose has been adequately served. (Appeal from judgment of Cayuga Supreme Court — art 78.) Present — Dillon, P. J., Cardamone, Schnepp, Doerr and Moule, JJ.