◾ In the Matter of ALPHONSO BOYD, Petitioner, v THOMAS A. COUGHLIN, III, as Commissioner of the New York State Department of Correctional Services, Respondent. — Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court at Special Term, entered in Albany County) to

review a determination of the Commissioner of the Department of Correctional Services which sustained charges of misbehavior against petitioner.

Petitioner, an inmate at Great Meadow Correctional Facility, was charged with misbehavior based on a complaint by another inmate that petitioner had threatened and sexually assaulted him. Petitioner denied the charges and offered an alibi. After a hearing at which conflicting evidence was received, petitioner was found guilty as charged and was given a sanction of 270 days loss of commissary packages and phone privileges, 270 days special housing unit and six months loss of good time. This determination was upheld by respondent. Petitioner commenced a CPLR article 78 proceeding challenging the determination, which has been transferred to this court for disposition.

Petitioner contends that the determination should be annulled because it was based, in part, on confidential reports, the content, indeed the existence, of which was not disclosed to him at the time of the hearing. Since serious charges were brought against petitioner, as a result of which he faced significant disciplinary sanctions, he was entitled to the essential features of procedural due process (*Wolff v McDonnell,* 418 US 539, 558; *Matter of Amato v Ward,* 41 NY2d 469, 472). One of the basic features of due process is a written statement of the fact finders as to the evidence relied upon and the reasons for the action taken (*Wolff v McDonnell, supra,* pp 563-564; *Matter of Amato v Ward, supra*). In the interest of institutional safety, it is sometimes necessary for some evidence relied on by the hearing officer to remain confidential (see *Matter of Guzman v Coughlin* 90 AD2d 666; *Matter of Gross v Henderson,* 79 AD2d 1086, mot for lv to app den 53 NY2d 605). In such cases, so long as the confidential documents are submitted to the reviewing court for *in camera* inspection, the function of providing the court with a basis for review of the disciplinary decision is served (*Matter of Guzman v Coughlin, supra; Matter of Gross v Henderson, supra,* p 1088). However, it is fundamental that the hearing officer must, at the time of the hearing, inform the inmate that he will consider certain information which will remain confidential and articulate some reason for keeping the information confidential.

In the instant proceeding, petitioner was not notified until the decision was rendered that confidential information was considered and no reason whatsoever for confidentiality was articulated. Thus, respondent clearly erred. However, upon reviewing, *in camera,* the confidential documents in light of the strength of the case against petitioner, we conclude that the error was harmless. One document was a memo from a correction officer

describing the incident, as reported to him, which was the subject of the disciplinary proceeding. There is nothing in the memo that was not put into evidence at the hearing. Thus, petitioner was not prejudiced by consideration of the report. The other two documents are memos from another correction officer discussing a collateral incident which did not relate to petitioner's guilt on the charges. Petitioner was not prejudiced by consideration of these documents since they were irrelevant. In conclusion, while the hearing officer erred in failing to advise petitioner that he was going to consider confidential information and in failing to articulate any reason for the confidentiality, such error was harmless in this case.

Petitioner also contends that he received inadequate assistance from his inmate assistant[*] in violation of 7 NYCRR 251-4.2 because his assistant interviewed only two of the five witnesses petitioner requested that he interview. The hearing record sheet indicates that all five witnesses were interviewed. However, petitioner claims that his inmate assistant only wrote down two names when he met with him. Petitioner also points out that, on the hearing record sheet, only two of the names of the witnesses appear to be in the handwriting of petitioner's inmate assistant. Moreover, the notation "at hearing" next to the other three witnesses' names would seem to indicate that the witnesses were interviewed at the hearing. Also, petitioner mentioned at the hearing that he did not think his inmate assistant wrote down the names of all of the witnesses. However, we are reluctant to hold that the inmate assistant failed to interview all of the witnesses simply on the basis of petitioner's claim that he requested that five witnesses be interviewed and his speculation that they were not interviewed. We note in this regard that at the time of the hearing, petitioner did not know the name of one of the witnesses such that he certainly could not have, eight days earlier, asked his inmate assistant to interview that witness. In conclusion, the record does not contain sufficient facts to support petitioner's claim that he was denied adequate assistance in preparing his defense.

Lastly, we reject petitioner's contentions that the misbehavior report was legally deficient and that respondent's determination is not supported by substantial evidence.

Determination confirmed and petition dismissed, without costs. Mahoney, P. J., Casey, Weiss, Levine and Harvey, JJ., concur.

---

[*] An inmate assistant is an employee designated to assist inmates in certain specified situations in acquiring information to defend the inmate in a disciplinary proceeding (7 NYCRR 251-4.1).