■ In the Matter of SAMUEL LOPEZ, Petitioner, v HAROLD J. SMITH, as Superintendent of Attica Correctional Facility, Respondent. — Determination modified, in accordance with memorandum, and, as modified, confirmed and petition granted and respondent directed to expunge from petitioner's institutional records all references to the charges set forth in the misbehavior report dated June 17, 1983 and the hearing conducted thereon on June 21, 1983. Memorandum: This proceeding has been transferred pursuant to CPLR 7804 (subd [g]) to determine whether there is substantial evidence to support the finding that petitioner violated a prison rule prohibiting extortion of a fellow inmate. Petitioner denied the charges and testified that he had been misidentified. He called two other inmate witnesses who supported his claim that he was nowhere near the inmate who had been assaulted by two other inmates (see *Matter of Friere v Smith,* 104 AD2d 732). The record contains a misbehavior report prepared by a correction officer based upon information from a confidential and reliable source and testimony of an *in camera* interview with the confidential informant. Upon our review of the record, including the transcript of the confidential informant (see *Matter of Gross v Henderson,* 79 AD2d 1086, mot for lv to app den 53 NY2d 605), we find insufficient proof of the extortion as charged. The confidential source merely noted that petitioner was "standing around" when two inmates assaulted inmate Wright. The record contains only one conclusory statement to the effect that petitioner, in conjunction with three other inmates, wanted to extort inmate Wright. No further elaboration of this statement appears in the record of the proceedings. Therefore, there is not substantial evidence to support the determination of guilt.

All concur, except Hancock, Jr., J. P., and Moule, J., who dissent and vote to confirm the determination and dismiss the petition, in the following memorandum.

Hancock, Jr., J. P., and Moule, J. (dissenting). We must dissent. The record indicates that the confidential informant "gave a positive identification of four inmates that were involved in the assault" on Wright. "He positively identified Revas as the inmate that * * * stuck a shieve homemade knife into [Wright's] stomach. * * * [He] identified Friere * * * as the inmate who used a lead sock filled with a hard substance and hit him several times in the head area causing heavy bleeding from the bridge of his nose. [He] positively identified Bueno * * * [and petitioner] as the inmate[s] that [were] standing around Wright while he was assaulted by Friere and Revas." When asked the primary reason for the beating that occurred, the confidential source stated: "Extortion". He said that the four individuals involved told Wright that he must either pay or fight, that as Wright walked out of his cell the four men "jumped" him and tried to force him to the back of the gallery and into an empty cell, and that as Friere and Revas physically assaulted Wright, Bueno and petitioner "gathered around" so that Wright had "no place to go". The source stated that all four individuals "were involved directly in the assault on" Wright. This confidential testimony was corroborated by the testimony of correction officer Rau, who testified that he saw the victim with blood on his face immediately after the assault and that he obtained medical attention for him, and by that of Sergeant Pikula, who investigated the incident and reported that a "reliable source" positively identified petitioner from a photographic array as one of the four inmates involved.

There is no contention that petitioner was deprived of any of the procedural safeguards required in a superintendent's proceeding (see, generally, *Matter of Amato v Ward,* 41 NY2d 469; *Matter of Gross v Henderson,* 79 AD2d 1086, mot for lv to app den 53 NY2d 605). On review of the record we find convincing evidence that petitioner participated in the scheme to extort Wright. Considering the quantum and quality of proof required in a disciplinary proceeding (see, generally, *Matter of Amato v Ward, supra; Matter of Gross v Henderson, supra; Matter of Jones v Smith,* 120 Misc 2d 445, affd 101 AD2d 705; see, also, *Matter of Eagle v Paterson,* 57 NY2d 831; *300 Gramatan Ave. Assoc. v State Div. of Human Rights,* 45 NY2d 176, 180), we conclude that there is ample evidence to support the determination and that, therefore, it should be confirmed. (Article 78 proceeding transferred by order of Supreme Court, Wyoming County, Horey, J.) Present — Hancock, Jr., J. P., Callahan, Doerr, Denman and Moule, JJ.