■ In the Matter of ANTHONY ODOM, Appellant, v WALTER R. KELLY, as Superintendent of Attica Correctional Facility, et al., Respondents.—Judgment unanimously affirmed. Memorandum: Petitioner was found guilty of assault (inmate rule 100.10) in the stabbing of another inmate. The determination was based on the written report and testimony of the charging officer and the confidential testimony of an inmate witness. Petitioner was not allowed to hear a tape of the confidential testimony or see a transcript of the interview with the inmate witness. The identity of the witness and content of the testimony were kept confidential to insure the inmate's safety.

While the use of confidential testimony at a prison discipli-

nary hearing implicates the inmate's due process rights, confidentiality may be maintained in the interests of institutional safety *(see, Matter of Boyd v Coughlin,* 105 AD2d 532; *Matter of Gross v Henderson,* 79 AD2d 1086, *lv denied* 53 NY2d 605). In such a case, the Hearing Officer must inform the inmate that confidential evidence will be considered and articulate the reason why the evidence cannot be disclosed *(Matter of Boyd v Coughlin, supra,* at 533). The reason for maintaining confidentiality must have some basis in the record, and a record of the confidential evidence must be submitted to the reviewing court *(see, Matter of Pinargote v Berry,* 147 AD2d 746, 747-748). There is no merit to petitioner's contention that he was entitled to notice that confidential testimony would be considered before the interview was conducted. "[I]t is sufficient that petitioner was given notice of the confidential testimony and a written reason for the confidentiality prior to the end of the hearing" *(Matter of Pinargote v Berry, supra,* at 748). (Appeal from judgment of Supreme Court, Wyoming County, Dadd, J.—art 78.) Present—Dillon, P. J., Callahan, Green, Balio and Lawton, JJ.