■ In the Matter of KENNETH GROCHULSKI et al., Appellants, v ROBERT KUHLMANN, as Superintendent of Sullivan Correctional Facility, et al., Respondents.—Casey, J. Appeal from a judgment of the Supreme Court (Williams, J.), entered June 15, 1990 in Sullivan County, which, *inter alia,* dismissed petitioners' application, in a proceeding pursuant to CPLR article 78, to review three determinations by respondent Commissioner of Correctional Services finding petitioners guilty of violating a prison disciplinary rule.

Following separate disciplinary hearings, petitioners, all inmates at Sullivan Correctional Facility in Sullivan County,

were found guilty of violating prison rule 133.12 which prohibits the use of any narcotic, narcotics paraphernalia or controlled substance. These charges stemmed from information allegedly supplied by a confidential inmate informant, which resulted in petitioners being directed to submit urine samples for a drug test. Petitioners Kenneth Grochulski and Robert Tocco tested positive for the presence of cannaboid and petitioner Earl Martin tested positive for the presence of cocaine. Each petitioner was charged in a separate misbehavior report and, upon a finding of a violation of the rule, Grochulski was sentenced to 90 days' confinement in a special housing unit, 90 days' loss of privileges and loss of three months' good time; Tocco and Martin received sentences of 120 days' confinement and 120 days' loss of privileges.

When the determinations were affirmed by respondent Commissioner of Correctional Services, petitioners commenced this CPLR article 78 proceeding, contending that the determinations were arbitrary and were made in violation of petitioners' due process rights, and that the chain of custody forms were erroneous. After respondents had answered the petition, petitioners moved for disclosure of all anonymous notes received by the correctional facility during the past year and for the daily EMIT log "recording the results of all EMIT tests performed within the past year on urine samples obtained based on information received from an anonymous source". Respondents opposed this motion. Supreme Court denied the motion, noting that misbehavior reports were filed on the basis of the EMIT tests and not from the anonymous tip. The amended petition was dismissed, resulting in petitioners' appeal.

Initially, we agree with the denial of the requested disclosure by Supreme Court. Evidence relied on in a disciplinary hearing must often remain confidential in the interest of institutional safety or correctional goals (see, Matter of Pinargote v Berry, 147 AD2d 746, lv denied 74 NY2d 606; Matter of Graham v Scully, 113 AD2d 990, 991). In these circumstances, so long as the confidential documents are submitted to the reviewing court for an in camera inspection, the function of providing the court with a basis for review of the decision is served (Matter of Boyd v Coughlin, 105 AD2d 532, 533). Petitioners admit that the results of the EMIT test are sought to ascertain whether previous information provided by the confidential informant proved valid. Inasmuch as such information could identify the informant, Supreme Court properly denied the request. As to petitioners' claim of custody argu-

ment, we refuse to consider it as it was not raised at the administrative hearing *(see, Matter of Guzman v Coughlin,* 90 AD2d 666).

Furthermore, we find no merit in petitioners' claim that 7 NYCRR 1020.4 (a) (1) (iii) is unconstitutional. In pertinent part, this regulation provides that urinalysis testing of inmates shall be conducted: "At the discretion of correctional staff, when correctional staff has reason to believe the inmate has used drugs or alcohol, including but not limited to * * * when correctional staff receives information from a source that the inmate is currently under the influence of or has recently used illicit drugs". Petitioners claim this regulation impinges on their constitutional rights for failing to require that the information received from the source be reliable. Concerns for institutional safety may rationally be invoked to defend limitations on prisoners' constitutional rights *(Matter of Boyd v Coughlin, supra)* provided the request is "reasonably related to legitimate security interests" *(Turner v Safley,* 482 US 78, 91). Prison officials are responsible for the preservation of order and maintenance of security in prison facilities *(Matter of Gross v Henderson,* 79 AD2d 1086, *lv denied* 53 NY2d 605). There is, therefore, a rational connection between the regulation and the expressed goal of prison security, and the regulation cannot be invalidated on a claim that such a connection is lacking here. Furthermore, the challenged determinations were not based on an anonymous tip but on the positive results of the drug test *(see, Matter of Siders v LeFevre,* 145 AD2d 874, 875). When the determination of guilt is, as here, not dependent upon the credibility of the confidential informant, there is no requirement of independent confirmation of reliability *(see, Matter of Shaffer v Hoke,* 174 AD2d 787). Accordingly, the judgment of Supreme Court should be affirmed.

Mahoney, P. J., Weiss, Mercure and Crew III, JJ., concur. Ordered that the judgment is affirmed, without costs.