■ In the Matter of JOSEPH PEREZ, Petitioner, v PHILIP COOMBE, JR., as Acting Commissioner of New York State Department of Correctional Services, Respondent. [637 NYS2d 906] —Determination unanimously confirmed without costs and petition dismissed. Memorandum: Following a Tier III disciplinary hearing, the Hearing Officer found petitioner guilty of possessing a weapon in violation of inmate rule 113.10 (7 NYCRR 270.2 [B] [14] [i]). In reaching that determination, the Hearing Officer indicated that he relied upon the written misbehavior report. In his answer, however, respondent attached ten pages of memoranda written by different Correction Officers about an incident in the yard that resulted in petitioner being charged with possession of a weapon. Petitioner asserts that he had no knowledge of the existence of the memoranda and argues that the Hearing Officer erred in relying upon confidential information without informing him, during the hearing, of his intention to do so and his reason for keeping the information confidential *(see, Matter of Odom v Kelly,* 152 AD2d 1010; *Matter of Boyd v Coughlin,* 105 AD2d 532).

If a Hearing Officer intends to rely upon confidential information, he must so inform the inmate during the hearing and provide the reason why the information cannot be disclosed *(see, Matter of Odom v Kelly, supra; Matter of Boyd v Coughlin, supra).* There is no indication, however, that the Hearing Of-

ficer relied upon anything other than the written misbehavior report in reaching his determination. The written misbehavior report, authored by a Correction Officer who personally observed the incident, provides substantial evidence to support the determination *(see, Matter of Foster v Coughlin,* 76 NY2d 964, 966; *People ex rel. Vega v Smith,* 66 NY2d 130, 140). (CPLR art 78 Proceeding Transferred by Order of Supreme Court, Wyoming County, Dadd, J.) Present—Lawton, J. P., Fallon, Doerr, Balio and Davis, JJ.