■ In the Matter of the Claim of Jose Diaz, Petitioner, v R. Dowling, as Tier III Hearing Officer, et al., Respondents. [673 NYS2d 1024] —Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Washington County) to review a determination of respondents which found petitioner guilty of violating a prison disciplinary rule.

Based upon a correction officer's observation of petitioner's unusual behavior and the smell of marihuana in the area where petitioner was located, a urine sample was collected from petitioner (*see,* 7 NYCRR 1020.4 [a] [1]). Petitioner was charged with, and ultimately found guilty of, violating the prison disciplinary rule which prohibits inmates from using a controlled substance after his urine twice tested positive for the presence of cocaine. Petitioner's claim that the misbehavior

report was defective because it did not adequately detail the alleged incident of misbehavior as observed by the correction officer is misplaced. The charge of using a controlled substance was not imposed based upon the correction officer's observation of petitioner's suspicious conduct but rather on the positive results of the drug test (see, Matter of Grochulski v Kuhlmann, 176 AD2d 1111, 1113, lv denied 79 NY2d 755). We also reject petitioner's contention that there was no authority to test his urine for anything other than marihuana (see generally, Matter of Murphy v Selsky, 239 AD2d 724). The misbehavior report, together with the two positive results of the urinalysis tests and the testimony of the correction officer who witnessed petitioner's unusual behavior, provided substantial evidence to support the determination of petitioner's guilt (see, Matter of Foy v Coughlin, 210 AD2d 723).

Mikoll, J. P., Mercure, Crew III, White and Graffeo, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.