■ In the Matter of MAXIMINO VARGAS, JR., Petitioner, v THOMAS A. COUGHLIN, as Commissioner of New York State Department of Correctional Services, et al., Respondents.— Mikoll, J. Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court at Special Term, entered in Washington County) to review a determination of respondent Commissioner of Correctional Services finding petitioner guilty of violating a prison disciplinary rule.

On June 7, 1985, Correction Officer Gordon Hurley wrote and signed a misbehavior report charging petitioner, an inmate at Great Meadow Correctional Facility, with violating prison disciplinary rule 113.10. That rule prohibits inmates from making, possessing, selling or exchanging any item of contraband that may be classified as a weapon *(see,* 7 NYCRR 270.1 [b] [14] [ii]). Hurley stated that he had found a homemade metal shank approximately eight inches long and one eighth of an inch in diameter in a sink in a shower area that had just been vacated by petitioner. Hurley said that he had checked the shower area prior to petitioner's use of it and found that it was free of any contraband. The shank was found inside a "State Issue" sealed envelope. Hurley also saw petitioner carrying a paper under one arm into the shower area.

At the Superintendent's hearing which was held, petitioner was informed of his right to call witnesses. The misbehavior report was read to him and he was informed of an interde-

partmental communication from Correction Officer D. J. Long, which stated that Long watched Hurley check the shower and sink area before petitioner entered it and again immediately after petitioner left it. He also saw Hurley come out of the shower area with something in his hand. Long was present at the Superintendent's hearing and verified the accuracy of his communication. The Hearing Officer also verified the contents of Hurley's misbehavior report with Hurley by telephone and played a recording of that conversation in the presence of petitioner.

Petitioner denied the charge and only requested that one witness be called, an inmate who testified. Petitioner's witness said that the only thing petitioner had with him was a towel and that Hurley twice went into the shower area. The Hearing Officer found petitioner guilty as charged and imposed a penalty of 30 days in the special housing unit coupled with a loss of privileges. After the disposition was rendered, petitioner asserted that he was denied his right to cross-examine Hurley and that the recording of the Hearing Officer's conversation with Hurley was not sufficient to confirm the misbehavior report. The disposition made by the Hearing Officer was affirmed on behalf of respondent Commissioner of Correctional Services and this CPLR article 78 proceeding was instituted.

Petitioner contends that the determination must be annulled because Hurley did not testify in petitioner's presence, and no valid reason was given for his not doing so. Petitioner also maintains that the determination was not supported by substantial evidence. Petitioner's arguments are without merit. The determination should therefore be confirmed and the petition dismissed.

Petitioner's due process rights of confrontation or cross-examination of witnesses were not violated. In such circumstances there is "no right of confrontation or cross-examination, and consequently no requirement that the disciplinary authority call any adverse witnesses, including the charging party, to testify at the hearing" (People ex rel. Vega v Smith, 66 NY2d 130, 141).

Petitioner's reliance on 7 NYCRR 254.5 for support of his argument that he had a right to be present for the interview with Hurley and that he was entitled to an explanation of Hurley's absence at the hearing is misplaced. 7 NYCRR 254.5 applies by its terms only where the inmate requests witnesses to testify on his behalf. In the case at bar, petitioner knowingly declined to exercise his right to call Hurley as his own witness. Thus, there was no necessity to produce Hurley at

the hearing or to explain the reason for his absence *(see, Matter of Perez v Wilmot,* 67 NY2d 615, 617; *People ex rel. Vega v Smith, supra,* p 141; *cf. Matter of Coleman v Coombe,* 65 NY2d 777, 780).

Finally, the misbehavior report is based on the eyewitness observations of Hurley, its maker. Additionally, there was other evidence produced at the hearing corroborative of the account set forth in the misbehavior report. Therefore, the determination is supported by substantial evidence *(see, People ex rel. Vega v Smith, supra,* p 139).

Determination confirmed, and petition dismissed, without costs. Mahoney, P. J., Main, Mikoll, Yesawich, Jr., and Levine, JJ., concur.