■ In the Matter of James Watson, Respondent, v Thomas A. Coughlin, as Commissioner of Correctional Services, et al., Appellants.—Kane, J. Appeal from a judgment of the Supreme Court (Berke, J.), entered November 12, 1986 in Washington County, which granted petitioner's application, in a proceeding pursuant to CPLR article 78, to annul a determination of respondent Commissioner of Correctional Services finding petitioner guilty of violating a prison disciplinary rule.

In a misbehavior report dated March 9, 1986, petitioner, an inmate at Clinton Correctional Facility, was charged with

possession of a controlled substance in violation of the prison disciplinary rules. On March 10, 1986, petitioner was served with notice of the charge and he waived his right to select an employee assistant. On March 11, 1986, just prior to the commencement of petitioner's Superintendent's hearing, Sergeant Patrick Curry was directed by the Hearing Officer to escort petitioner to the hearing. Curry informed petitioner that he had come to escort him to his hearing but petitioner refused to attend. Accordingly, the Hearing Officer entered a not guilty plea for petitioner and the hearing was conducted in absentia pursuant to 7 NYCRR 254.6 (b) and 7 NYCRR 270.1 (b) (23).

Following the hearing, petitioner was found guilty of the charge and a penalty of 90 days' confinement in the special housing unit and 90 days' loss of privileges and three months' loss of good time was imposed. This disposition was subsequently affirmed upon administrative appeal.

Petitioner then commenced this CPLR article 78 proceeding seeking review of respondents' determination. Supreme Court granted the petition and reversed respondents' determination on the ground that petitioner did not knowingly and voluntarily waive his right to be present at the hearing. This appeal ensued.

We reverse. The testimony of Curry clearly established petitioner's refusal to attend the hearing (see, People ex rel. Vega v Smith, 66 NY2d 130, 140). And, in any event, in his reply, petitioner admits his refusal to attend the hearing, arguing that he had "a State created right through statute to refuse to attend his Tier III hearing". Since petitioner refused to appear, he forfeited his right to challenge the determination on the ground that the hearing should not have been conducted in absentia (see, Matter of Howard v Kelly, 115 AD2d 1011, appeal withdrawn 67 NY2d 938; Matter of Morrison v Coughlin, 101 AD2d 943, lv denied 63 NY2d 605; People ex rel. Morgan v LaVallee, 49 AD2d 652, lv denied 37 NY2d 710; cf., People v Corley, 67 NY2d 105, 109-110). Contrary to petitioner's suggestion, the pertinent regulations contain no requirement that the refusal be in writing or otherwise accompanied by any procedural formality. Petitioner's right to attend his hearing depended upon his willingness to accept the proffered opportunity (cf., Matter of Amato v Ward, 41 NY2d 469, 472-473).

Judgment reversed, on the law, without costs, and petition dismissed. Mahoney, P. J., Kane, Casey, Yesawich, Jr., and Harvey, JJ., concur.