■ In the Matter of MICHAEL FREEMAN, Appellant, v

THOMAS A. COUGHLIN, III, as Commissioner of the New York State Department of Correctional Services, Respondent.—Casey, J. Appeal from a judgment of the Supreme Court (Kahn, J.), entered January 14, 1987 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent finding petitioner guilty of violating certain prison disciplinary rules.

Petitioner, an inmate at Great Meadow Correctional Facility, was charged with assaulting a fellow inmate, possession of a weapon and refusing to obey a direct order. The charges were based upon a misbehavior report filed by the facility's cook, who did not see either the assault or the weapon. According to the cook's report, he saw petitioner enter the kitchen followed by another inmate who had a fork in each hand. When petitioner picked up a long-handled scrub brush, the cook ordered the inmates to stop and they both refused to comply with the order. The cook then stepped in and took the forks from the other inmate, and petitioner dropped the scrub brush. According to the cook's report, as the other inmate was being led away, the inmate said, "He shanked me," pointing to his neck.

At the Superintendent's proceeding, the only witness to appear was the cook. Petitioner requested that the other inmate be called as a witness, but the other inmate refused to appear at the hearing. The Hearing Officer sustained the charges, stating that he relied upon the misbehavior report and a photograph of a weapon. The Hearing Officer's report also stated that he relied upon certain confidential material, consisting of a supplemental investigation report, a confidential signed inmate statement and an interdepartmental report concerning the discovery of a weapon in a bucket of swill the day after the alleged assault. No reason was given for the confidentiality. The Hearing Officer's disposition was ultimately sustained by respondent. Supreme Court rejected petitioner's claim that respondent's determination should be annulled due to the Hearing Officer's failure to advise petitioner at the time of the hearing that confidential material would be considered and to articulate a reason for the confidentiality. Supreme Court held that the error was harmless. We disagree.

In *Matter of Boyd v Coughlin* (105 AD2d 532, 533), we declared: "[I]t is fundamental that the hearing officer must, at the time of the hearing, inform the inmate that he will consider certain information which will remain confidential and articulate some reason for keeping the information confi-

dential." Based upon our in camera review of the confidential documents in that case and in light of the strength of the case against the petitioner, we concluded that the Hearing Officer's error in failing to comply with this procedural requirement was harmless *(see, supra,* at 533-534). We reach a contrary conclusion here. Without the confidential material, the case against petitioner as to the assault and possession of a weapon charges is very weak. The confidential material includes the only direct evidence that petitioner assaulted the other inmate with a weapon. It cannot be said that petitioner was not prejudiced by the Hearing Officer's consideration of and reliance upon the material, particularly in light of the other inmate's refusal to appear at the hearing. The determination must, therefore, be annulled and the matter remitted to respondent for a new hearing.

Judgment reversed, on the law, without costs, determination annulled and matter remitted to respondent for further proceedings not inconsistent with this court's decision. Mahoney, P. J., Casey, Weiss and Yesawich, Jr., JJ., concur.