◼ In the Matter of ANTONIO CURCIO, Petitioner, v E. W. JONES, as Superintendent of Great Meadow Correctional Facility, et al., Respondents.—Harvey, J. Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court, entered in Washington County) to review three determinations of respondent Commissioner of Correctional Services which found petitioner guilty of violating certain prison disciplinary rules.

On March 16, 17 and 20, 1986, petitioner, an inmate at Great Meadow Correctional Facility in Washington County, was involved in incidents for which he was charged with violations of various State-wide prison disciplinary rules. On March 16, 1986, petitioner threw a bucket of an unknown liquid on several correction officers. As a result, he was charged with violating rules prohibiting assault (7 NYCRR 270.1 [b] [1]) and an unhygienic act (7 NYCRR 270.1 [b] [19]

[iv]). Petitioner was charged with another violation of the rule proscribing assault following a March 17, 1986 incident where he threw a cup of an unknown liquid on several correction officers. A third charge of assault arose from the March 20, 1986 incident where petitioner again threw a pail of an unknown liquid on several correction officers. The March 20, 1986 incident also resulted in a charge of refusing to obey a direct order (7 NYCRR 270.1 [b] [7]).

Three separate Tier III hearings were conducted on the charges filed against petitioner. Petitioner refused to appear at the hearings conducted with respect to the charges arising from the March 16 and 17 incidents. In each case, the Hearing Officer entered pleas of not guilty on petitioner's behalf and the hearings were held in absentia. Petitioner was found guilty following both hearings of the charged violations and penalties were imposed. Petitioner appeared at the hearing for the March 20 incident. After hearing the evidence, the Hearing Officer found him guilty of the charged violations and imposed a penalty. Each of the determinations was administratively affirmed and this proceeding followed.

Petitioner asserts that it was error to rely upon the written misbehavior reports in making the determinations that he had violated disciplinary rules. It is well settled that a misbehavior report can provide the necessary substantial evidence to uphold a prison disciplinary determination (see, e.g., Matter of Perez v Wilmot, 67 NY2d 615; People ex rel. Vega v Smith, 66 NY2d 130, 139-142). With respect to the first two hearings, the misbehavior reports in each case were made by individuals with firsthand knowledge and the facts were sufficiently relevant and probative to support the determinations. The fact that the first two hearings were held in absentia does not constitute reversible error since it was petitioner's decision to refuse to attend those hearings (see, Matter of Watson v Coughlin, 132 AD2d 831, 832, lv granted 70 NY2d 611; Matter of Morrison v Coughlin, 101 AD2d 943, lv denied 63 NY2d 605). At the third hearing, in addition to the probative written misbehavior report, there was testimony by witnesses called by petitioner. This testimony essentially corroborated the written report. Accordingly, we conclude that all three determinations are amply supported by the evidence in the record.

Petitioner next contends that he did not receive a copy of the Great Meadow Correctional Facility rule book and, for that reason, the determinations of guilt were not valid. Correction Law § 138 (5) states that "[n]o inmate shall be disciplined except for a violation of a published and posted written

rule or regulation, a copy of which has been provided the inmate". The record reveals, however, that petitioner had received copies of both the State-wide and facility rule books while he was incarcerated at three other correctional facilities. Since the rules petitioner was charged with violating were State-wide rules and he had been previously provided with these rules, petitioner's contention must fail (see, Matter of Taylor v Coughlin, 135 AD2d 992).

Petitioner's remaining arguments have been considered and found to be either meritless or not properly before this court in the context of a CPLR article 78 proceeding.

Determinations confirmed, and petition dismissed, without costs. Weiss, J. P., Yesawich, Jr., Levine, Harvey and Mercure, JJ., concur.