■ In the Matter of JOSE DIAZ, Petitioner, v THOMAS COUGHLIN, III, as Commissioner of Correctional Services, et al., Respondents.—Main, J. Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court, entered in Clinton County) to review a determination of respondent Commissioner of Correctional Services which found petitioner guilty of violating a prison disciplinary rule.

On March 16, 1986, several inmates at Ossining Correctional Facility attempted to assault another inmate. Pending

an investigation, petitioner was confined to his cell. He was released from this confinement three days later. On March 22, 1986, a misbehavior report was issued, charging petitioner with attempted assault in violation of prison rule 100.10 *(see,* 7 NYCRR 270.1 [b] [1] [i]), and petitioner was again confined to his cell. Following a Superintendent's hearing on March 27, 1986, petitioner was found guilty of the charge. Respondent Commissioner of Correctional Services affirmed the Hearing Officer's determination and this CPLR article 78 proceeding ensued.

Initially, petitioner contends that the Hearing Officer's determination is not supported by substantial evidence because a confidential informant did not testify at the hearing. Instead, the informant's statement was presented to the Hearing Officer in camera and the correction officer who investigated the incident testified to the informant's credibility outside petitioner's presence. Respondents have provided us with the confidential material for our in camera inspection, and we are of the opinion that the Hearing Officer's determination was supported by substantial evidence. The informant stated that he was a witness to the attempted assault and that petitioner was one of the assailants. The correction officer testified that he had firsthand knowledge that the informant's statement was credible. In light of this, substantial evidence was presented to support the Hearing Officer's determination *(see, Matter of Burgos v Coughlin,* 108 AD2d 194, 200-201, *lv denied* 66 NY2d 603; *cf., Matter of Vogelsang v Coombe,* 105 AD2d 913, *affd* 66 NY2d 835).

Petitioner next asserts that he was denied due process because the Superintendent's hearing was not commenced within seven days of his confinement to his cell on March 16, 1986, in violation of 7 NYCRR 251-5.1 (a). We disagree. Under 7 NYCRR 251-5.1 (a), a Superintendent's hearing must take place within seven days of the date when the inmate is confined *pending the hearing.* In this case, although petitioner was confined for a time beginning on March 16, 1986, a misbehavior report was not made on that date; petitioner was therefore not confined on March 16, 1986 pending a Superintendent's hearing. We note that an inmate may be confined to his cell without the pendency of a Superintendent's hearing *(see,* 7 NYCRR 251-1.6), and such confinement should not be included in the computation of confinement time pending the Superintendent's hearing. Accordingly, since petitioner was not confined to his cell pending a Superintendent's hearing until March 22, 1986, when the misbehavior report was made,

and since the Superintendent's hearing was held on March 27, 1986, the requirements of 7 NYCRR 251-5.1 (a) have been met.

Finally, petitioner charges that the Hearing Officer violated 7 NYCRR 254.5 by failing to give petitioner a reason for taking the testimony of the correction officer outside petitioner's presence. It is clear, however, that petitioner does not have a due process right to confront adverse witnesses at the Superintendent's hearing, only to call witnesses on his own behalf (see, People ex rel. Vega v Smith, 66 NY2d 130, 141), and that 7 NYCRR 254.5 applies only to witnesses called on the inmate's behalf (see, Matter of Burnell v Smith, 122 Misc 2d 342, 343). Accordingly, petitioner was not denied due process in this regard.

Determination confirmed, and petition dismissed, without costs. Kane, J. P., Main, Mikoll, Levine and Harvey, JJ., concur.