■ In the Matter of HARRY LAUREANO, Petitioner, v ROBERT KUHLMANN, as Superintendent of Sullivan Correctional Facility, et al., Respondents.—Yesawich, Jr., J. Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court, entered in Sullivan County) to review a determination of respondent Commissioner of Correctional Services which found petitioner guilty of violating a prison disciplinary rule.

Petitioner was an inmate at Sullivan Correctional Facility in Sullivan County on October 26, 1987 when inmate James Hauser was assaulted by a fellow inmate. After being accused of the assault, petitioner chose Herbert Jenkins as an employee assistant to help him prepare his defense. Jenkins interviewed Hauser and several correction officers. When Hauser later refused to testify at petitioner's Tier III Superintendent's hearing for "fear of reprisal", Jenkins was allowed to testify on petitioner's behalf and reported that Hauser had agreed to testify for petitioner and had said, "No, he didn't do anything to me." Although no evidence linking petitioner to the assault was elicited at the hearing in petitioner's presence, he was told that a confidential informant, present at the occurrence, had given a statement to the effect that he saw

petitioner assault Hauser. The Hearing Officer, having interviewed the confidential informant, found petitioner guilty of the assault and gave as the evidence relied upon "[i]nformation received from a confidential source". Respondent Commissioner of Correctional Services affirmed that disposition.

Petitioner commenced this CPLR article 78 proceeding seeking to obtain a copy of the confidential witness's testimony and statement, to vacate the guilty finding, to restore his privileges and good time credit, and to expunge any reference to this matter from his institutional records. After making preliminary rulings, some of which were unnnecessary *(see, Matter of Hop-Wah v Coughlin,* 118 AD2d 275, 277, *revd on other grounds* 69 NY2d 791), Supreme Court transferred the proceeding to this court because a substantial evidence issue was raised (CPLR 7804 [g]).

Initially, we note that the Commissioner's determination is supported by substantial evidence in that it is based upon testimony from a witness with direct knowledge *(Matter of Vogelsang v Coombe,* 105 AD2d 913, *affd* 66 NY2d 835), albeit confidentially rendered testimony *(see, Matter of Diaz v Coughlin,* 134 AD2d 668, 669).

Petitioner advances an assortment of due process arguments. In examining these arguments we are cognizant of the fact that petitioner is proceeding without the benefit of access to the whole record *(see generally, Matter of Boyd v Coughlin,* 105 AD2d 532, 533). Our review of the record satisfies us that the alleged errors were either unpreserved, harmless or without merit, with one exception.

Both due process and the Commissioner's regulations require that petitioner be provided with a statement of the evidence relied upon by the Hearing Officer in reaching his decision *(Wolff v McDonnell,* 418 US 539, 564; 7 NYCRR 254.7 [c]). Although respondents may not release confidential information which might threaten institutional safety and goals *(see, Matter of Gross v Henderson,* 79 AD2d 1086, 1087-1088, *lv denied* 53 NY2d 605), the Hearing Officer in this case could have been more forthcoming without sacrificing institutional security. For instance, petitioner could be informed that the confidential informant identified him from a photo array *(see, Matter of Gibson v LeFevre,* 133 AD2d 978, 979). Furthermore, we are of the view that when reliance is had upon confidential information, Hearing Officers should furnish the court with a confidential exposition of the evidence relied upon, in addition to the statement given the inmate; this procedure will facili-

tate judicial review in such cases without endangering confidential witnesses (see, Matter of Cortez v Coughlin, 67 NY2d 907, 909).

Decision withheld, and matter remitted to respondent Commissioner of Correctional Services for an amplified statement of the evidence relied upon in reaching the instant determination. Mahoney, P. J., Kane, Casey, Yesawich, Jr., and Mercure, JJ., concur.