■ In the Matter of JAIME PINARGOTE, Petitioner, v CARL BERRY, as Superintendent of Woodbourne Correctional Facility, et al., Respondents.—Levine, J. Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court, entered in Sullivan County) to review a determination of respondent Commissioner of Correctional Services which found petitioner guilty of violating certain prison disciplinary rules.

On June 2, 1987, an inmate was assaulted and stabbed by another inmate in the gym shower room at Woodbourne Correctional Facility in Sullivan County. A correction officer saw petitioner and two other inmates leaving the shower room immediately after the stabbing. After an informant identified petitioner as the assailant, a misbehavior report was served on petitioner, charging him with fighting, assault and disturbing the order of the facility. A Superintendent's hearing was subsequently convened on June 8, 1987. The misbehavior report was read into the record and petitioner pleaded not guilty to each charge. Petitioner informed the Hearing Officer that, on the day in question, he entered the shower area after he observed the victim and "blood all over". Petitioner was, however, unable to explain why he was in the vicinity of the gym showers at the time of the assault. Petitioner confirmed that the correction officer had seen him exiting the shower room immediately after the stabbing. He testified that two other inmates, whom he did not name, were in the shower room but denied that they were with him when he left the room. Petitioner did not request any witnesses and when he finished with his testimony, the hearing was adjourned.

Approximately one week later the hearing reconvened and the Hearing Officer informed petitioner that he had interviewed a confidential informant who had identified petitioner as the assailant. The Hearing Officer also provided petitioner with a written statement that the identity of the witness would remain confidential in order to protect the individual's

safety. The Hearing Officer then rendered his disposition finding petitioner guilty of all charges and imposing a penalty of 180 days' confinement in the special housing unit and 180 days' loss of good time and privileges. After this disposition was affirmed by respondent Commissioner of Correctional Services, petitioner requested reconsideration and submitted a statement signed by petitioner and the victim of the assault in which the victim asserts that petitioner did not stab him. After considering petitioner's application, the Commissioner reaffirmed the original determination. Petitioner then commenced this CPLR article 78 proceeding to review the Commissioner's determination. The proceeding was transferred to this court.

Petitioner contends that he had a right to be present during the interview of the confidential informant, to receive a transcript of the interview or a written explanation of the reasons for excluding him from that portion of the hearing. However, inasmuch as an inmate has no due process right of confrontation or cross-examination (*People ex rel. Vega v Smith,* 66 NY2d 130, 141), the disciplinary authority is required to give an inmate a reason for denying him the right to be present during a witness's testimony *only* insofar as the regulations provide that right when the *inmate* has called the witness on his own behalf (*see,* 7 NYCRR 254.5; *see also, Matter of Diaz v Coughlin,* 134 AD2d 668, 670; *Matter of Vargas v Coughlin,* 123 AD2d 486, 487-488). Since petitioner called no witnesses, the cited regulation is unavailing to his claim.

The use of confidential information in a hearing, however, infringes upon an inmate's due process right to know the evidence relied upon by the Hearing Officer in making his determination (*see, Matter of Laureano v Kuhlmann,* 144 AD2d 834; *Matter of Boyd v Coughlin,* 105 AD2d 532, 533; *see also,* 7 NYCRR 254.7 [c]). Therefore, when circumstances indicate that an informant's identity and testimony must remain confidential, the Hearing Officer is required to inform the inmate that confidential evidence will be considered and also articulate a reason why the evidence cannot be disclosed (*see, Matter of Freeman v Coughlin,* 138 AD2d 824, 825-826; *Matter of Boyd v Coughlin, supra*). The reason given for maintaining the confidentiality of the information must have some basis in the record (*see, Matter of McClean v LeFevre,* 142 AD2d 911). In addition, a record of the confidential evidence must be submitted to the reviewing court for in camera inspection to permit meaningful review of the discipli-

nary decision *(see, Matter of Laureano v Kuhlmann, supra,* at 835; *Matter of Boyd v Coughlin, supra,* at 533).

In petitioner's case, the record supports the Hearing Officer's conclusion that disclosure of the informant's identity would jeopardize his safety. In addition, based on our review of the informant's testimony, it is evident that any disclosure of the content of his statements could result in his identity being revealed. Thus, petitioner was given a proper reason for keeping the informant's identity and testimony confidential. We reject petitioner's contention that the Hearing Officer was required to tell him, prior to conducting the interview with the confidential informant, that such evidence was to be taken. In our view, it is sufficient that petitioner was given notice of the confidential testimony and a written reason for the confidentiality prior to the end of the hearing. Based on the foregoing, we conclude that petitioner was not denied due process by the manner in which his Superintendent's hearing was conducted.

Petitioner's contention that the disciplinary determination was not supported by substantial evidence must be rejected. The transcript of the Hearing Officer's interview with the confidential informant provides an ample basis for finding petitioner guilty of the charges. We have considered petitioner's remaining contentions and find them to be without merit.

Determination confirmed, and petition dismissed, without costs. Mahoney, P. J., Kane, Casey, Weiss and Levine, JJ., concur.