In the Matter of EDGAR ESTEVES, Petitioner, v THOMAS A. COUGHLIN, III, as Commissioner of the Department of Correctional Services, Respondent.—Weiss, J. Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court, entered in Greene County) to review a determination of respondent which found petitioner guilty of violating a prison disciplinary rule.

Petitioner, an inmate at Coxsackie Correctional Facility in Greene County, was charged in a misbehavior report with assaulting a fellow prisoner, Larry Thomas, on September 1, 1988. The misbehavior report states that Thomas was assaulted in the prison yard and was cut on the face. Thomas immediately reported the attack to a correction officer, giving the cell numbers of the four inmates who allegedly assaulted him. Petitioner, one of the four prisoners identified, was charged with violating prison rule 100.10 which prohibits the infliction of bodily harm on other inmates. A Tier III Superintendent's hearing was held and petitioner was found guilty of participating in the assault. The determination was administratively affirmed. Petitioner then commenced this proceeding, contending that respondent's determination is not supported by substantial evidence in that there is no direct evidence of his involvement in the incident. Petitioner contends that because the victim failed to see him commit the actual assault, there is insufficient evidence as a matter of law. We disagree.

Initially, we observe that respondent did not rely solely upon the misbehavior report. Thomas testified as to his personal observations. He again identified the four inmates by

their nicknames and cell numbers. His identification was positive and unambiguous, although he was unable to specifically identify the one who actually cut him. He testified that while another inmate engaged him in conversation, he was hit on his face from behind and knew that he had been cut. Thomas stated that he then broke out of line, went directly to a correction officer, showed him the cut he had received during the attack and asked to be taken to the hospital. Petitioner's testimony that he was talking to another correction officer at the front of the line removed from the site of the attack simply raised an issue of credibility for determination by the Hearing Officer.

Petitioner's reliance upon *Matter of Freeman v Coughlin* (138 AD2d 824) and *Matter of Wanton v Coughlin* (117 AD2d 376) is misplaced. In both *Freeman* and *Wanton,* the author of the misbehavior reports relied upon the hearsay observations of others. Here, the misbehavior report was written by the correction officer to whom the victim had reported the attack immediately after it occurred. Notably, petitioner failed to call the correction officer with whom he allegedly was talking at the time of the attack to testify on his behalf. In view of Thomas' testimony and his positive identification of the assailants from a photo array during the hearing, it was not unreasonable for the Hearing Officer to credit Thomas' direct testimony and to discredit that of petitioner *(see, Matter of Burgos v Coughlin,* 108 AD2d 194, 198, *lv denied* 66 NY2d 603). The record contains sufficient evidence to support the finding that petitioner was involved in the assault *(see, People ex rel. Vega v Smith,* 66 NY2d 130, 139; *300 Gramatan Ave. Assocs. v State Div. of Human Rights,* 45 NY2d 176, 181).

Determination confirmed, and petition dismissed, without costs. Kane, J. P., Casey, Weiss, Mercure and Harvey, JJ., concur.