■ In the Matter of ALBERTO PEDROSA, Appellant, v DANIEL

SENKOWSKI, as Superintendent of Clinton Correctional Facility, et al., Respondents.—Kane, J. P. Appeal from a judgment of the Supreme Court (Plumadore, J.), entered June 21, 1989 in Clinton County, which, in a proceeding pursuant to CPLR article 78, granted respondents' motion to dismiss the petition for failure to exhaust administrative remedies.

Petitioner, a Spanish-speaking inmate at Clinton Correctional Facility in Clinton County, was the subject of three disciplinary hearings stemming from charges of fighting and weapons possession. The hearings were held on November 14 and 15, 1988 and, although petitioner was present at the first day of hearings, he was absent the following day. The record indicates that petitioner refused to attend the second day of hearings and refused to sign a form, written in English, affirming his refusal to attend or giving any reasons therefor. Accordingly, the hearings were completed in absentia and petitioner was found guilty of all charges.

Petitioner appealed the determinations and, in a letter from the local office of Prisoners' Legal Services to the Department of Correctional Services, was quoted as claiming that respondents violated "[my] right to see and hear all the evidence against me, because they already had a hearing without me present". Thereafter, respondent Commissioner of Correctional Services affirmed the hearing determinations.

Petitioner then commenced this CPLR article 78 proceeding to annul the determinations, arguing, *inter alia,* that his inability to understand English prevented him from understanding the consequences of his failure to attend the hearings. Respondents moved to dismiss the petition on the ground, *inter alia,* that petitioner failed to exhaust his administrative remedies. Supreme Court dismissed the petition, finding that petitioner "did not raise language difficulties (and rights) on administrative appeal sufficient to preserve them for this proceeding". Petitioner now appeals the judgment dismissing his petition.

We affirm. The record sufficiently establishes petitioner's refusal to attend the second and final day of his own hearings. There is "no requirement that the refusal be in writing or otherwise accompanied by any procedural formality" *(Matter of Watson v Coughlin,* 132 AD2d 831, 832, *affd* 72 NY2d 965) so that petitioner bears the burden on appeal of raising, in some articulable fashion, the issue of his alleged language difficulty and its connection to his refusal to attend the hearings *(see, Matter of Bates v Coughlin,* 145 AD2d 854, *lv denied* 74 NY2d 602). Applying a liberal construction to and

considering the *pro se* nature of petitioner's administrative appeal, we are unable to discern any such claim. We are equally unpersuaded to annul the Commissioner's determination "in the interest of justice".

Judgment affirmed, without costs. Kane, J. P., Mikoll, Yesawich, Jr., Mercure and Harvey, JJ., concur.