■ In the Matter of ANTHONY BRELAND, Petitioner, v D. A. SENKOWSKI, as Superintendent of Clinton Correctional Facility, et al., Respondents.—Weiss, J. Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court, entered in Clinton County) to review a determination of respondent Commissioner of Correctional Services which found petitioner guilty of violating certain prison disciplinary rules.

Petitioner, an inmate at Clinton Correctional Facility in Clinton County, was found guilty after a tier III Superintendent's hearing on charges of extortion and threats in violation of prison disciplinary rules 103.10 and 102.10. Disciplinary proceedings against two other inmates alleged to have been involved in an extortion ring with petitioner were pending at the same time.

The investigation disclosed that slips of paper bearing the name Lydia Rodriguez and an address in Newark, New Jersey, were given to inmate victims who were told to fill out a disbursement form which would release to Rodriguez $25 from their inmate accounts. Victims were told they would be killed or seriously injured if they refused. Petitioner was implicated by confidential information gathered and by two of the slips bearing Rodriguez's name and address found in a search of his cell. Correction Sergeant Robert Ball, who conducted the investigation, prepared and signed a misbehavior report containing the charges to which petitioner pleaded not guilty.

Petitioner denied knowledge of the extortion ring and explained that he had been given a slip containing the information by an unidentified inmate who asked him to pass it along for the purpose of having Rodriguez's name placed upon a list of invitees to an upcoming social event at the facility. Petitioner was unable to explain the presence of a second similar slip found in his cell. Evidence adduced at the hearing included testimony by petitioner, Ball and petitioner's witness, inmate Everette Finch, who was also charged as a member of the ring. The Hearing Officer had further evidence consisting of testimony about the operation of the ring from a confidential source, in addition to one of the disbursement requests for payment of $25 to Rodriguez signed by an inmate.

In this proceeding seeking annulment of the determination of guilt, petitioner principally challenges the Hearing Officer's denial of his request for access to the confidential documents and to confront confidential witnesses. The record demonstrates that the Hearing Officer advised petitioner that evi-

dence from confidential sources would be received against him and would be considered in arriving at the decision that a witness would be interviewed outside his presence and that he would not be allowed to hear such testimony. He was told that disclosure would jeopardize both the security and safety of the institution and correctional goals, and would easily identify the witness whose safety required that he remain confidential. Petitioner was given a written form containing the same information which he signed as evidence that he had received the information. We find that respondents fully complied with the rules for acceptance of confidential information and that none of petitioner's constitutional rights have been violated *(see, Matter of Laureano v Kuhlmann,* 75 NY2d 141; *Matter of Gibson v LeFevre,* 133 AD2d 978; *Matter of Vogelsang v Coombe,* 105 AD2d 913, *affd* 66 NY2d 835). Nor was petitioner's right to confront his accusers improperly denied *(see, Wolff v McDonnell,* 418 US 539).

We further find upon review of the record, including the material validly held confidential and unavailable to petitioner *(see, Matter of Freeman v Coughlin,* 138 AD2d 824, 825-826), that the credible evidence of guilt satisfied the standard for substantial evidence established in *People ex rel. Vega v Smith* (66 NY2d 130, 139) and *300 Gramatan Ave. Assocs. v State Div. of Human Rights* (45 NY2d 176, 180). We have examined petitioner's remaining contentions and find them to be without merit.

Determination confirmed, and petition dismissed, without costs. Kane, J. P., Weiss, Mikoll, Yesawich, Jr., and Mercure, JJ., concur.