■ In the Matter of CARLOS RUIZ, Petitioner, v THOMAS A. COUGHLIN, III, as Commissioner of the Department of Correctional Services, Respondent.—Weiss, P. J. Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which found petitioner guilty of violating certain prison disciplinary rules.

Petitioner was an inmate at Coxsackie Correctional Facility in Greene County when another inmate was fatally stabbed. Petitioner was charged along with two other inmates in a misbehavior report with violation of institutional rules prohibiting Penal Law offenses and assault. In the report, Correction Sergeant Victor Perez stated that he had determined through a confidential informant that petitioner, acting in concert with inmates Luis Maldonado, Orlando Rodriguez and Lamont Bell, caused the victim's death in a corridor behind the kitchen. The confidential informant was an eyewitness who identified petitioner as the tall Spanish inmate who had pulled something from his waistband and used an overhand motion to stab the victim in the chest.

In his defense at the hearing, petitioner sought production of the autopsy report to prove his contention that the victim's death was caused by a single stab wound and that, because all four inmates had been charged with the same offense, it was impossible for more than one to have inflicted a single wound. Maldonado testified that he and petitioner were working together in the mess hall at the time and were not involved in the stabbing. Petitioner was found guilty as charged and a penalty of confinement to the special housing unit for 3,650 days with loss of privileges was imposed. Upon administrative appeal the determination was affirmed and the sanction modified to 2,555 days in the special housing unit with loss of privileges. In this CPLR article 78 proceeding, petitioner has asserted as grounds for his challenge the insufficiency of the confidential evidence, abridgement of his right to submit documentary evidence and the excessiveness of the penalty.

Initially, we note that the Court of Appeals has recently rejected the claim that a finding of misbehavior based upon the statement by and observance of another person cannot constitute substantial evidence to support a determination of guilt. In *Matter of Foster v Coughlin* (76 NY2d 964) the court said, "The focus of the court's inquiry therefore is not on

whether the evidence is hearsay, but on whether it is 'sufficiently relevant and probative' " *(supra,* at 966, quoting *Matter of Perez v Wilmot,* 67 NY2d 615, 616-617; *People ex rel. Vega v Smith,* 66 NY2d 130, 140; *see also, Matter of Laureano v Kuhlmann,* 75 NY2d 141). This court has held that material which has validly been determined to be confidential and unavailable to an inmate can constitute credible evidence of guilt sufficient to satisfy the substantial evidence standard *(see, Matter of Breland v Senkowski,* 168 AD2d 751; *see also, People ex rel. Vega v Smith, supra).* Further, the Hearing Officer had before him a report from a correctional employee which corroborated the contents of the misbehavior report and placed petitioner at the scene immediately after the stabbing, which was consistent with the statement of the confidential informant *(see, Matter of Gordon v Coughlin,* 176 AD2d 431, *lv denied* 79 NY2d 751).

We find similarly unpersuasive petitioner's argument that his due process rights were denied because of his inability to obtain a copy of the autopsy report performed on the victim. Conversely, we find merit in respondent's contention that the issue has not been preserved for our review because of petitioner's failure to raise this argument in his administrative appeal *(see, Matter of Bates v Coughlin,* 145 AD2d 854, *lv denied* 74 NY2d 602). Were we to find otherwise, we would be constrained to hold the contention to be meritless. The uncontroverted testimony of Correction Officer D.A. Brockway, who witnessed the autopsy, showed that there were at least three wounds on the victim's body as well as several defensive-type wounds to his hands. The unusual incident report disclosed that at least three weapons in addition to the kitchen knife were discovered in the area where the attack occurred. This evidence sufficiently established the accuracy of the description by the confidential informant as to a multiple stabbing of the victim and negated any prejudice to petitioner from his inability to obtain the autopsy report.

We have considered petitioner's remaining contentions and find each to be without merit.

Mikoll, Levine, Crew III and Mahoney, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.