■ In the Matter of Luis MALDONADO, Petitioner, v THOMAS A. COUGHLIN, III, as Commissioner of the Department of Correctional Services, Respondent.—Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which found petitioner guilty of violating certain prison disciplinary rules.

We reject petitioner's contention that the finding of guilt was not supported by substantial evidence *(see, Matter of Breland v Senkowski,* 168 AD2d 751). This contention is predicated mainly upon petitioner's claim that the Hearing

Officer erred in not questioning the confidential informant directly. Initially, we note that the question of the insufficiency of the confidential evidence was raised and rejected by this Court in *Matter of Ruiz v Coughlin* (184 AD2d 818), which concerned another inmate involved in the same incident. Here, it is true that the Hearing Officer did not personally interview the informant but instead relied upon an in camera interview and report of a correction officer who did interview the informant. The record, however, shows that the Hearing Officer had a sufficient basis to make his own independent assessment of the informant's credibility; the information given by the correction officer was sufficiently detailed and specific to provide an objective basis for concluding that the informant was credible *(see, Matter of Franklin v Hoke,* 174 AD2d 908). In addition, as in *Ruiz,* the Hearing Officer also had a report from a correction employee which corroborated the misbehavior report and placed petitioner at the scene immediately after the incident, which was consistent with the informant's statement *(see, Matter of Ruiz v Coughlin, supra).*

As to petitioner's claim that there was error due to his not receiving certain requested documents, we first note that he failed to preserve this issue for review by not raising it on his administrative appeal *(see, Matter of Bates v Coughlin,* 145 AD2d 854, *lv denied* 74 NY2d 602). In any event, petitioner has failed to show any prejudice in the failure to produce these documents *(see, Matter of Cioci v Coughlin,* 169 AD2d 895). Upon considering petitioner's remaining contentions, we reject them as lacking in merit.

Mikoll, J. P., Yesawich Jr., Mercure, Crew III and Casey, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.