In the Matter of FLOYD COWART, Petitioner, v THOMAS A. COUGHLIN, III, as Commissioner of Correctional Services, et al., Respondents. [599 NYS2d 677] —Yesawich Jr., J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent Commissioner of Correctional Services which found petitioner guilty of violating a certain prison disciplinary rule.

After a correction officer discovered a bag containing several metal "shanks" (homemade knives) in a space adjacent to petitioner's cell at Shawangunk Correctional Facility in Ulster County, petitioner was charged with possessing weapons in violation of rule 113.10. A tier III disciplinary hearing was held at which petitioner denied possessing or having any knowledge of the weapons, and at which 12 of petitioner's 13 requested witnesses testified. The correction officer who discovered the contraband testified that during a search of petitioner's cell, he discovered a string in a hollow in a door casing between petitioner's cell and an adjacent cell. When the officer pulled the string, a homemade cloth bag to which it was attached and containing sharp metal objects fell; his thumb was punctured as a result. Petitioner was found guilty of violating the rule and sentenced to 365 days in the special housing unit. The finding and penalty were administratively affirmed after which petitioner initiated the instant CPLR article 78 proceeding.

It is petitioner's contention that because the items were found in a shared space between the two cells, he cannot be charged with possessing them. This argument ignores the fact that the string could only be reached from petitioner's cell, a particular confirmed by the Hearing Officer who personally

inspected the area where the bag was found. This circumstance provides ample basis for the Hearing Officer's determination of guilt (see, Matter of Caldwell v Coughlin, 148 AD2d 905) and readily distinguishes petitioner's case from one in which an item is equally accessible from more than one cell.

Petitioner also maintains that he was unfairly prejudiced by the Hearing Officer's failure to allow one of petitioner's witnesses (inmate Jones) to testify fully—a claim belied by the record—and because the Hearing Officer did not personally confirm that another of petitioner's requested witnesses (inmate Hart) refused to testify. This latter argument is also unavailing for petitioner did not object, insist that Hart testify or request that the Hearing Officer make a personal inquiry into the reason for Hart's failure to testify at the time of the hearing. By not raising the issue at a time when any deficiencies could be corrected, petitioner waived his right to object on this ground (see, Matter of Eleby v Coughlin, 180 AD2d 931; Matter of Lebron v Coughlin, 169 AD2d 859, 860, lv denied 78 NY2d 852).

Finally, examination of the record reveals that, contrary to petitioner's assertions, the Hearing Officer did summarize the evidence on which he based his determination and petitioner was permitted to respond to the summation.

Mikoll, J. P., Mercure, Crew III and Casey, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.