■ In the Matter of JEHAN ABDUR-RAHEEM, Petitioner, v LOUIS MANN, as Superintendent of Shawangunk Correctional Facility, et al., Respondents. [607 NYS2d 439] —Casey, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Ulster County) to review a determination of respondent Commissioner of Correc-

tional Services which found petitioner guilty of violating certain prison disciplinary rules.

Petitioner, an inmate in the State prison system, was charged in a misbehavior report with violating prison rules that prohibited Penal Law offenses and assault. The report was based on confidential information and accused petitioner of conspiring with others in the assault of an inmate in the facility gymnasium which resulted in the inmate's death. Petitioner denied any knowledge of the incident. Several inmates testified on petitioner's behalf that although he had been in the gym that morning with 60 other inmates, lifting weights and working out, he never entered the bathroom where the murder took place. Two inmates requested by petitioner refused to testify and the Hearing Officer informed petitioner. The Hearing Officer also advised petitioner that he would review a confidential tape, along with other confidential information. The Hearing Officer rejected petitioner's request for a redacted copy of the confidential material. At the conclusion of the hearing, petitioner was found guilty as charged and a penalty of nine years in special housing with loss of privileges was imposed. Initially, the determination was administratively affirmed. When a Grand Jury dismissed the criminal charges, petitioner requested reconsideration of the administrative determination and the penalty was modified to seven years in special housing with loss of privileges.

Petitioner claims that the Hearing Officer erred in relying upon the confidential information. Petitioner emphasizes that the Hearing Officer did not personally interview any of the informants. This is so, but a personal interview is not required (see, Matter of Harris v Coughlin, 116 AD2d 896, lv denied 67 NY2d 1047). What is required is that the record contain sufficient material to enable the Hearing Officer to assess the credibility of the informant and reliability of the information provided (Matter of Robinson v Leonardo, 179 AD2d 951, 953, lv denied 79 NY2d 759). There must be an objective basis for the Hearing Officer's conclusion that the informants are believable (Matter of Franklin v Hoke, 174 AD2d 908) and our in camera review of the confidential information reveals the requisite detailed, specific and corroborative evidence to enable the Hearing Officer to make an independent determination of credibility and reliability (see, Matter of Holley v Coughlin, 187 AD2d 865; Matter of Lopez v Lacy, 184 AD2d 819), which he did. Petitioner's contention that pressure tactics of the State Police during inmate interviews cast doubt on the statements of the informants presented a credibility issue

which the Hearing Officer reasonably resolved against petitioner *(see, Matter of Foster v Coughlin,* 76 NY2d 964, 966).

The threshold requirement having been satisfied, the confidential information unquestionably supports the determination. The fact that the Grand Jury dismissed the indictment against petitioner is, in our view, irrelevant to this proceeding. The totality of the evidence submitted, including the confidential information, supplied substantial evidence to support the disciplinary determination against petitioner.

Petitioner's claims of procedural error are meritless. The Hearing Officer's refusal of petitioner's request for a redacted copy of the confidential information was based on legitimate institutional safety considerations *(see, Matter of Pinargote v Berry,* 147 AD2d 746, *lv denied* 74 NY2d 606). The misbehavior report provided sufficient notice of the alleged misconduct *(see, Matter of Morales v Senkowski,* 165 AD2d 393), and petitioner was not prejudiced by the denial of his request for a one-day adjournment of the hearing. The Hearing Officer's off-the-record conversation with two inmates to verify their refusal to testify for petitioner, which the Hearing Officer reported on the record, was not improper *(see, Matter of Berrios v Kuhlmann,* 143 AD2d 475, 476-477). The determination should be confirmed.

Cardona, P. J., Mercure, Weiss and Yesawich Jr., JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.