■ In the Matter of FLOYD COWART, Petitioner, v JOSE PICO, as Hearing Officer of Green Haven Correctional Facility, Respondent. [623 NYS2d 948] —Peters, J. Proceeding pursuant to

CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of the Commissioner of Correctional Services which found petitioner guilty of violating certain prison disciplinary rules.

Petitioner, an inmate at a State correctional facility, was charged with violating institutional rules prohibiting penal law offenses and assault. The misbehavior report was based primarily on confidential information alleging that petitioner conspired with others in assaulting an inmate, resulting in the inmate's death. Petitioner denied his involvement in the incident and was assigned an employee assistant to aid in his defense.

At the tier III Superintendent's hearing, petitioner called approximately 70 witnesses. He commenced his questioning of the majority of these witnesses by asking the witnesses if they had given any statements to investigative personnel. If so, petitioner directed them not to answer any further questions until petitioner was provided with copies of notes taken during the interviews. Petitioner further directed the witnesses not to answer any questions thereafter posed by respondent. On the final day of the hearing, petitioner refused to attend, claiming that he had not received necessary medication. After receiving testimony from the nurse, who confirmed that the medication was not for any serious or life-threatening condition and that petitioner had already been given his medication, respondent determined that petitioner's failure to attend constituted a "refusal", warranting continuation of the hearing in petitioner's absence. Respondent found petitioner guilty of all charges and imposed a penalty which was reduced after administrative review. Petitioner thereafter commenced this CPLR article 78 proceeding.

Concerning petitioner's challenge to the sufficiency of the notice provided by the misbehavior report, we note that since we have reviewed the identical misbehavior report in connection with inmate Jehan Abdur-Raheem, also implicated in this matter, and found such report to have provided sufficient notice (see, Matter of Abdur-Raheem v Mann, 200 AD2d 918, 920, affd 85 NY2d 113), we reject this contention.

We further reject petitioner's contention that he was denied adequate employee assistance. Our rejection is based not only upon petitioner's own statements of satisfaction, but also upon the testimony of his assistant and the Superintendent. An employee assistant has not failed to perform his duties simply

because the assistant attempts, but is unable, to obtain documents requested by an inmate *(see, Matter of Jenkins v Coughlin,* 190 AD2d 937, *lv denied* 82 NY2d 651). As to the assistant's inability to secure the autopsy report, we find that such failure did not prejudice petitioner in light of the testimony of both the medical examiner and the correction officers who first discovered the body and testified to its position *(see, Matter of Ruiz v Coughlin,* 184 AD2d 818, 819).

Petitioner's allegation that respondent was biased because he presided over the disciplinary hearing of Abdur-Raheem *(see, Matter of Lonski v Coughlin,* 126 AD2d 981, 982) is similarly without merit. There is no evidence that respondent considered anything outside of the record. Threats to remove petitioner from the hearing room as well as interruption and rephrasing of petitioner's questions all fail to establish that the "outcome of the hearing flowed from the alleged bias" *(Matter of Raqiyb v Coughlin,* 186 AD2d 328).

Addressing next petitioner's contention that he was denied the right to call necessary witnesses, it is well settled that an "inmate may call witnesses on his behalf provided their testimony is material, is not redundant, and doing so does not jeopardize institutional safety or correctional goals" (7 NYCRR 254.5 [a]; *see, Wolff v McDonnell,* 418 US 539, 566). In light of petitioner's prior questioning despite repeated warnings that his method of questioning failed to reveal material evidence, we find that respondent appropriately limited petitioner from calling additional witnesses since he had not established that such proposed witnesses had any relevant information *(see, Matter of Bryant v Mann,* 199 AD2d 676). As to all other procedural errors, we find no merit. We note that by refusing to attend the last day of the hearing, petitioner waived any procedural challenges *(see, Matter of Cotton v Coughlin,* 167 AD2d 584), including his challenge to respondent's failure to contact another inmate who had been released to immigration authorities *(see, supra; see also, Matter of Cowart v Coughlin,* 194 AD2d 1036, 1037).

Addressing next the challenge to holding the final day of the hearing in absentia, it is settled that "[p]etitioner's right to attend his hearing depend[s] upon his willingness to accept the proffered opportunity" *(Matter of Watson v Coughlin,* 132 AD2d 831, 832, *affd* 72 NY2d 965). We find that respondent fully provided petitioner with an opportunity to attend the hearing and that petitioner's refusal to do so warranted respondent holding the hearing in absentia *(see, supra; see also,* 7 NYCRR 254.6 [b]).

We further reject petitioner's contention that respondent relied upon an off-the-record conversation with an inmate witness in making his determination *(see, Matter of Giakoumelos v Coughlin,* 192 AD2d 998, 999, *lv denied* 82 NY2d 658), as well as his claim that respondent improperly relied upon confidential information which was not independently assessed. Our in camera review of the confidential information supports respondent's determination *(see, Matter of Abdur-Raheem v Mann,* 200 AD2d 918, *supra).*

As to allegations that such statements were elicited by coercion, we find no merit. In upholding this determination, we note that "material which has validly been determined to be confidential and unavailable to an inmate can constitute credible evidence of guilt sufficient to satisfy the substantial evidence standard" *(Matter of Ruiz v Coughlin,* 184 AD2d 818, 819, *supra).* We find the requisite substantial evidence to support the underlying determination.

Finally, contrary to petitioner's contentions, the penalty imposed was not excessive. The determination is, therefore, confirmed.

Cardona, P. J., Mercure, White and Casey, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.