■ In the Matter of ANDREW BOSTIC, Petitioner, v THOMAS A. COUGHLIN, III, as Commissioner of New York State Department of Correctional Services, Respondent. [628 NYS2d 448] —Cardona, P. J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which found petitioner guilty of violating a prison disciplinary rule.

Petitioner, a prison inmate, was charged in a misbehavior report with assaulting another inmate in violation of a prison disciplinary rule. The misbehavior report was prepared and signed by a correction officer who had not witnessed the assault but had obtained a statement from the victim identifying petitioner as the assailant. The report also set forth an account of the incident. In addition, the correction officer prepared an unusual incident report which contained the circumstances surrounding the victim's identification of petitioner. At the disciplinary hearing, petitioner pleaded not guilty to the charge. The correction officer was called to testify and he again stated that it was petitioner whom the victim claimed had attacked him. Exculpatory testimony was received from, among others, fellow inmates. This testimony, *inter alia*, placed petitioner away from the area of the incident at the time in issue. The Hearing Officer also interviewed a confidential witness. Neither the witness's identity nor the substance of this witness's testimony was provided to petitioner because it was believed that such procedure would jeopardize institutional safety.

At the conclusion of the hearing, the charge was sustained. In a written statement the Hearing Officer stated that the determination was based on the misbehavior report, the unusual incident report, the testimony of the correction officer who authored those reports and the "confidential written and verbal testimony". Upon administrative review, respondent modified the penalty imposed but affirmed the finding of guilt, prompting petitioner to commence this CPLR article 78 proceeding. The matter has been transferred to this Court for review.

We confirm. Initially, we reject petitioner's assertion that the Hearing Officer's determination was not supported by substantial evidence. The fact that the correction officer who authored the misbehavior report did not personally observe the incident does not require annulment of the finding of guilt. The Court's inquiry is not on whether the evidence is hearsay, but on whether it has sufficient relevant and probative value (*see, Matter of Ruiz v Coughlin*, 184 AD2d 818; *Matter of Palacio v State of New York Dept. of Correctional Servs.*, 182 AD2d 900). In addition, material which has validly been determined to be confidential can constitute credible evidence sufficient to satisfy the substantial evidence standard (*see, Matter of Ruiz v Coughlin, supra*). Here, the Hearing Officer also had before him the unusual incident report which contained a specific description of the victim's identification of petitioner as the assailant. The correction officer's testimony also recounted the victim's identification of petitioner. These accounts were consistent with the testimony of the confidential witness. Thus, the evidence, both confidential and nonconfidential, constituted substantial evidence supporting the finding of guilt on the assault charge (*see, Matter of Gordon v Coughlin*, 176 AD2d 431, *lv denied* 79 NY2d 751; *Matter of Gibson v LeFevre*, 133 AD2d 978).

Petitioner also contends that the Hearing Officer did not provide an adequate statement of the evidence on which he relied in determining that petitioner was guilty because he did not disclose the substance of the confidential testimony. It is true that the use of confidential information infringes upon an inmate's due process and regulatory right to know the evidence relied upon in a determination of guilt (*see, Matter of Laureano v Kuhlmann,* 144 AD2d 834; *see also,* 7 NYCRR 254.7 [a] [5]). When circumstances indicate that both the confidential witness's identity as well as the substance of their testimony must remain confidential, the Hearing Officer is required to inform the inmate that the confidential evidence will be considered and set forth why the evidence will not be disclosed (*see, Matter of Pinargote v Berry*, 147 AD2d 746, *lv denied* 74 NY2d 606). It is also necessary that this Court be furnished with a record of the confidential evidence for in camera inspection so as to provide meaningful judicial review (*see, Matter of Laureano v Kuhlmann,* 144 AD2d 834, *supra*).

Here, the record supports the Hearing Officer's conclusion that disclosing the witness's identity would jeopardize the safety of that witness (*see, Matter of Pinargote v Berry, supra*). Further, in reviewing that witness's testimony, we agree with

the Hearing Officer's conclusion not to reveal the contents of the statements made by that witness because it would have sacrificed institutional security *(see, supra; cf., Matter of Laureano v Kuhlmann, supra)*. Petitioner's remaining arguments have been considered and rejected as unpersuasive.

Mercure, Casey, Peters and Spain, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.