*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  March 19, 2015                    518695
_____

In the Matter of DERICK
    McCARTHY,
                    Petitioner,

        v                                      MEMORANDUM AND JUDGMENT

ALBERT PRACK, as Director of
    Special Housing and Inmate
    Disciplinary Programs,
                    Respondent.
_____

Calendar Date:   January 20, 2015

Before:   Peters, P.J., Garry, Lynch and Devine, JJ.

_____

        Derick McCarthy, Malone, petitioner pro se.

        Eric T. Schneiderman, Attorney General, Albany (Marcus J.
Mastracco of counsel), for respondent.

_____

        Proceeding pursuant to CPLR article 78 (transferred to this
Court by order of the Supreme Court, entered in Albany County) to
review a determination of the Commissioner of Corrections and
Community Supervision which found petitioner guilty of violating
a prison disciplinary rule.

        During the course of an investigation, correction officials
received confidential information that petitioner stood watch
while another inmate urinated in a water bottle belonging to a
correction officer.  As a result of this incident, he was charged
in a misbehavior report with committing an unhygienic act and
assaulting staff.  Following a tier III disciplinary hearing, he

was found guilty of the charge of committing an unhygienic act.[1] The determination was affirmed on administrative appeal and this CPLR article 78 proceeding ensued.

Petitioner contends, among other things, that the determination is not supported by substantial evidence. Based upon our review of the record, we must agree. Although there was considerable testimony presented both at the hearing and before the Hearing Officer in camera establishing that an inmate urinated in a correction officer's water bottle, the evidence of petitioner's complicity in the act is not compelling. None of the correction officials or other witnesses who testified at the hearing personally observed petitioner standing watch while his fellow inmate committed the act in question. Although a confidential informant related that petitioner acted as the lookout, the reliability of this individual's testimony was not sufficiently corroborated by the testimony of the other confidential informant (compare Matter of Ferguson v Goord, 13 AD3d 949, 950 [2004]; Matter of Abdur-Raheem v Mann, 200 AD2d 918, 919 [1994], affd 85 NY2d 113 [1995]; Matter of Spirles v Coughlin, 187 AD2d 863, 863-864 [1992]). Consequently, the determination must be annulled (see generally Matter of Debose v Selsky, 12 AD3d 1003, 1004 [2004]; Matter of Greene v Coughlin, 196 AD2d 923, 923-924 [1993]). In view of our disposition, we need not address petitioner's remaining claims.

Peters, P.J., Garry, Lynch and Devine, JJ., concur.

---

[1] We note that, pursuant to 7 NYCRR 270.3 (b), an inmate who acts as an accessory in the violation of a prison disciplinary rule is deemed to have violated that rule as well.

ADJUDGED that the determination is annulled, without costs, petition granted and the Commissioner of Corrections and Community Supervision is directed to expunge all references to this matter from petitioner's institutional record and to restore any good time lost as a result thereof.

ENTER:

Robert D. Mayberger
Clerk of the Court